IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWMAN ARMOR CORPORATION, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 02-CV-4595 |
| WINNER INTERNATIONAL, LLC, | : JURY TRIAL DEMANDED |
| Defendant. | : |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Lawman Armor Corporation, a Pennsylvania corporation ("Plaintiff"), brings this action against Defendant, Winner International, LLC ("Winner" or "Defendant"), for patent infringement, and alleges as follows:

### THE PARTIES

1. Plaintiff is a business with a mailing address of 1434 Sugartown Road, Berwyn, Pennsylvania 19312.

2. Upon information and belief, Winner is a Pennsylvania limited liability company with a place of business at 32 West State Street, Sharon, Pennsylvania 16146. Winner does business in this District and elsewhere.

### JURISDICTION AND VENUE

3. The cause of action in this case arises under the United States Patent Laws, 35 U.S.C. § 101 et seq.

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in the United States District Court for the Eastern District of Pennsylvania is proper pursuant to 28 U.S.C. § § 1391(b) and 1400.  Winner has sold the device which is the subject of this action in this District and elsewhere.

## PATENT INFRINGEMENT

6. Plaintiff is the exclusive licensee (including the right to sue for past infringements) under United States Design Patent No. D357,621 (the "621 Patent") pertaining to the field of automobile steering wheel anti-theft devices.  A copy of the '621 Patent is attached hereto as Exhibit A.

7. The '621 Patent is directed to the sliding hook portion of a vehicle steering wheel locking device, and features an ornamental design for a two-pronged sliding hook for engagement with the rim of the vehicle steering wheel.

8. Lawman Armor Corporation, a Pennsylvania corporation, has an exclusive license to manufacture and sell vehicle steering wheel locking devices incorporating the design of the '621 Patent.

9. Winner makes, offers for sale, and sells vehicle steering wheel locking devices under the designations "Twin Hooks" and "The Club – Quad Hook System" and other infringing models (the "Infringing Devices").

10. Defendant's Infringing Devices feature an ornamental design for a two-pronged sliding hook which engages the rim of the vehicle steering wheel.

11. Defendant, without authority, makes, offers to sell, and sells the Infringing Devices which employ Plaintiff's patented invention within the United States and imports such devices which employ Plaintiff's patented invention into the United States, thereby infringing Plaintiff's patent.

12. Defendant's Infringing Devices apply the Plaintiff's patented design or a colorable imitation thereof to articles of manufacture for the purpose of sale, and Defendant sells and offers to sell articles of manufacture to which such design or colorable imitation has been applied.

13. In the eyes of the ordinary observer, giving such attention as a purchaser usually gives, the Plaintiff's design as shown in the '621 Patent and Defendant's design as shown in the Infringing Devices which are the subject of this action are substantially the same.

14. At all times relevant hereto, Defendant has had full knowledge of the '621 Patent, and Defendant's manufacture, offer for sale, and sale of the Infringing Devices constitutes willful, deliberate infringing activity.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) enter judgment in favor of Plaintiff and against Defendant for infringement of the '621 Patent;

(b) permanently enjoin Defendant, its agents, servants, affiliates, employees, and all those in privity with it from engaging in acts of infringement of the '621 Patent;

(c) order the infringing goods be recalled and/or gathered by Defendant from all retail or wholesale outlets to which Defendant has sold or delivered the goods;

(d) order the infringing goods be impounded and subsequently be destroyed;

(e) enter an order directing Defendant to deliver to Plaintiff for destruction all advertisements, circulars, brochures or other promotional or advertising items or materials for its infringing automobile steering wheel anti-theft devices;

(f) award enhanced damages to Plaintiff adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the Defendant, together with interest and costs as fixed by the Court;

(g) additionally, award damages to Plaintiff for infringement of Plaintiff's design patent equaling the total extent of Defendant's profits;

(h) award Plaintiff attorney's fees and costs incurred in connection with bringing this action; and

(i) award Plaintiff such other and further relief as this Court deems just and equitable.

    Roberta Jacobs-Meadway
Lynn E. Rzonca
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Lawman Armor Corporation

Date: July 11, 2002