IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORPORATION,     :

        Plaintiff,     :

        v.     :    CIVIL ACTION NO. 02-CV-4595

WINNER INTERNATIONAL, LLC,     :    Hon. Robert F. Kelly

        Defendant.     :

    :

    :

## ORDER

       AND NOW, this _____ day of _____, 2002, upon consideration

of the Motion of Plaintiff Lawman Armor Corp. For Leave to File a Sur-Reply Opposing

Defendant's Motion to Dismiss, it is hereby ORDERED that Plaintiff's motion is GRANTED.

                 BY THE COURT:

                 _____

                 KELLY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORPORATION,            :
                                     :
              Plaintiff,             :
                                     :
        v.                           :        CIVIL ACTION NO. 02-CV-4595
                                     :
WINNER INTERNATIONAL, LLC,           :        Hon. Robert F. Kelly
                                     :
              Defendant.             :
                                     :
                                     :

**PLAINTIFF LAWMAN ARMOR CORP.'S MOTION FOR LEAVE TO FILE SUR-REPLY OPPOSING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Lawman Armor Corp., by its undersigned attorneys, hereby moves this Court for leave to file a Sur-Reply Opposing Defendant's Motion To Dismiss. A copy of Lawman Armor Corp.'s proposed Sur-Reply is attached.

Respectfully submitted,

Roberta Jacobs-Meadway
Lynn E. Rzonca
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Lawman Armor Corporation

Date: September 26, 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORP.,            )
                                            )
        Plaintiff,           )        Civil Action No. 02-4595
                                              )        Hon. Robert F. Kelly
     v.                      )
                                            )
WINNER INTERNATIONAL, LLC,     )
                                            )
        Defendant.      )

## ORDER

     AND NOW, this _____ day of _____, 2002, it is hereby

ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or,

Alternatively, For Failure to Join an Indispensable Party is DENIED.


                              BY THE COURT:


                              _____
                              KELLY, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWMAN ARMOR CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 02-4595 |
| | ) | Hon. Robert F. Kelly |
| v. | ) | |
| | ) | |
| WINNER INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## Plaintiff Lawman Armor Corp.'s Sur-Reply
## Opposing Defendant's Motion to Dismiss

Defendant's Reply simply repeats the "Missing Link" claim—a claim Plaintiff has already debunked. The Reply also raises red herrings about the date that the Keen to Yang Assignment was signed, and about a closed Florida case. It does not counter the facts and law establishing:

1.  The chain of title to the '621 Patent is unbroken, and Mr. Vito today holds valid title;

2.  Patent transfers do not have to be recorded with the Patent and Trademark Office, and the failure to record the Keen to Yang Assignment has no bearing on Plaintiff's standing in this case; and

3.  Mr. Vito transferred all of his substantial rights in the '621 Patent to Plaintiff, Plaintiff has full standing to sue on the patent.

Defendant still has not established any grounds for its Motion to Dismiss. Plaintiff asks the Court to deny the Motion.

## I. The Keen to Yang Assignment Was Signed in 2000—
## Two Years *Before* this Suit was Filed

In its Opposition to Defendant's Motion, Plaintiff established that the chain of title to the '621 Patent is unbroken, and that patent transfers do not have to be recorded with the Patent and Trademark Office in order to be valid. Defendant's only response is a weak attempt to paint the

Keen to Yang Assignment as having been signed after this case was filed. Defendant fails,

because that Assignment was signed *two years before* this case was filed.

Mr. Yang's Declaration—Exhibit A to Plaintiff's Opposition—states clearly that he, on

behalf of his company Keen Tools, signed the Keen to Yang Assignment on or about the

Assignment's effective date of May 5, 2000. That is more than 2 years before this suit was filed.

Defendant attempts to read ambiguity into the Yang Declaration. There is no ambiguity.

However, solely to preclude Defendant from making further frivolous such arguments, Plaintiff

submits herewith as Exhibit A Mr. Yang's Supplemental Declaration, attesting to the fact that

Keen Tools executed the Assignment on May 5, 2000.[1] Thus it is further established that the

Keen to Yang Assignment was signed and in existence long before this suit was filed.[2]

Thus, this is not a case of an assignment executed after suit is filed in an attempt to create

"retroactive standing," as was done in the Gaia case on which Defendant hinges its motion. Gaia

involved a *nunc pro tunc* assignment executed after the plaintiff filed suit. Gaia Tech., Inc. v.

Reconversion Tech., Inc., 93 F.3d 774, 779 (Fed. Cir. 1996). That is not the situation here. The

plaintiff in Gaia also admitted that the assignment was memorialized in a writing after the filing

of the complaint in that case. Id. That also is not the situation here. In this case, the Assignment

was memorialized *before* suit was filed—2 years before. Mr. Yang's Declarations establish that

---

[1] Mr. Yang also explains that the reference in the later June 4, 2002 Assignment to "uncertainty" about his right was included out of an abundance of caution and not because of any specific uncertainty about whether he or his company owned the patent. See Yang Supplemental Decl., Ex. A at ¶ 6.

[2] Defendant says that the U.S. Patent Office records show an execution date of September 11, 2002. That is an error on the part of the Office. September 11, 2002 is the date of a fax line on the Assignment. Of course, the Patent Office's administrative abstract of title does not conclusively establish a document execution date—especially where, as here, the actual signatory has attested to the execution date.

the Keen to Yang Assignment was memorialized and signed more than 2 years before the

Complaint was filed.  Gaia does not apply to this case.

Plaintiff has established that the chain of title to the '621 Patent is unbroken.  Mr. Vito

now owns the '621 Patent.  As of July 11, 2002, when this case was filed, Mr. Vito owned the

'621 Patent and had licensed all of his substantive rights to Plaintiff.  This Court's jurisdiction is

established, as is Plaintiff's right to bring this case and to enforce the '621 Patent in its own

name.

## II. The Keen Tools Florida Litigation Is Closed.
## The Time for Reopening That Case Expired 9 Months Ago.

Plaintiff established in its Opposition why the closed Keen Tools Florida litigation has no

bearing on this case and does not affect Plaintiff's standing.  In response, Defendant tries a new

tact:  in an effort to circumvent this Court's jurisdiction over this case, Defendant says it will

attempt to re-open the long-closed Florida case.  Such attempt would be pointless—and time-

barred.

The Florida suit was filed in 1999 by Keen Tools against Winner International, Inc. and

Winner International Royalty Corporation in the Southern District of Florida.  That litigation

between those parties was closed with no findings in August 1999.  (See Exhibit D to Plaintiff's

Opposition, docket printout from the U.S. Courts' PACER system with entry showing case

closed on 8/6/99.)  The Order closing the case provides for a short window in which the case

could be reopened.  The window passed.  The case was not reopened.  It remains closed, and it

cannot now be reopened.

Despite this clear record, Defendant makes the unsupported and outlandish assertion that

reopening that three-year-old case is "necessary," and that the court in the Florida Case "never

relinquished jurisdiction."

Defendant is wrong. It neglects to address the true contents of the Florida court's August 6, 1999 Order. For convenience, a copy of that Order is attached hereto as Exhibit B.

According to the 1999 Florida Order, all matters in the Florida Case were stayed pending resolution of <u>American Auto Accessories, Inc. and Keen Tools Corp. v. Winner International Corp.</u>, No. CV 96-5738 (NG), which at that time was pending in the Eastern District of New York. Exhibit B at 3. The Florida Order provides that the parties:

> **shall** inform the Court of the disposition of the American Auto Accessories, Inc. action *no later than ten (10) days after judgment is entered*, *at which point* the parties may also petition the Court to reopen the instant case.

Exhibit B at 3 (emphasis added).

According to the docket in <u>American Auto Accessories</u>, a copy of which is attached hereto as Exhibit C, that case was dismissed on November 14, 2001 for lack of progress, and was closed on the same date.

Thus, Defendant had ten days—until **November 24, 2001**—to reopen the Florida Case. Defendant did not. Defendant did not comply with any of the requirements of the Florida Order. It did not inform the Florida court of the disposition of the American Auto Accessories case, and it did not petition the Florida court to reopen the Florida Case within ten days after that case was resolved. The Florida case remains closed and cannot be reopened.

The closed Florida case has no bearing on Plaintiff's standing in this case, and does not provide any grounds for dismissal of this case. Even if the Florida case could be reopened, transfer of this case to Florida would not be proper under 28 U.S.C. § 1404(a). A plaintiff's choice of venue should not be lightly disturbed. <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995). None of the § 1404(a) factors favors or mandates transfer; the parties are located in Pennsylvania, the witnesses are located in Pennsylvania and Taiwan, and the interests of

justice favor retaining this case in Pennsylvania. Florida has nothing to do with this case, and

Defendant's threat to reopen a closed case and transfer this case should be viewed as nothing but

a ploy to avoid litigating the merits of this case in this District. Any attempt to reopen and

transfer the case would simply waste resources, for Plaintiff would intervene and move to

transfer the case to the Eastern District of Pennsylvania, given that there is nothing and no one in

Florida relevant to this case.

## III. Defendant Concedes that Mr. Vito is Neither a Necessary Nor an Indispensable Party.

Defendant has conceded the flaws in its Rule 19 joinder claim, for it ignores completely

the procedural and substantive errors that Plaintiff pointed out with the Rule 19 claims.

Defendant has not established that Mr. Vito is a necessary party under Rule 19(a).

Having failed to do so, Defendant cannot, as a matter of law, establish that Mr. Vito is a

"necessary party" under Rule 19(b).[3] For all of the reasons stated in Plaintiff's Objection, there

is no ground on which the Court need even consider applying Rule 19(b) to dismiss the case.

Plaintiff has submitted the necessary portions of its license with Mr. Vito establishing the

transfer of all substantial rights to Plaintiff that confer standing as a matter of law under the

Supreme Court's decision in  Waterman v. Mackenzie, 138 U.S. 252, 255-56 (1981) and as

applied subsequently. See, e.g., Hook v. Hook & Ackerman, Inc., 187 F.2d 52, 58 (3d Cir.

1951). However, if for any reason the Court wishes to view the License in its entirety, Plaintiff

will submit it to the Court for *in camera* inspection.

---

[3]  Defendant has also dropped entirely its claim that Keen Tools is an indispensable party.

## IV.  Conclusion

Plaintiff has established the unbroken chain of title from Mr. Yang, the inventor of the '621 design, to Mr. Vito, and Mr. Vito's transfer to Plaintiff of all substantial rights in the patent. Plaintiff has also established that Mr. Vito and Keen Tools are not necessary parties to the suit, and that it has the right to maintain this action in its sole name and have the case remain in Pennsylvania.  Accordingly, Defendant's Motion to Dismiss must be denied and this case allowed to proceed.

Roberta Jacobs-Meadway
Lynn E. Rzonca
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Lawman Armor Corporation

Dated:  September 26, 2002

6

09/25/2002  21:51    6106489463        Document 18    Filed 09/26/2002    Page 10 of 29    PAGE  02
Case 2:02-cv-04595-RK                    PHONE NO. : 008657463746000    SEP. 26 2002 08:55AM P1

FROM :
09/25/2002  06:03    16102961944                                                    PAGE  02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORP.,                    :

    Plaintiff,                         :

    v.                                 :    CIVIL ACTION NO. 02-4595

WINNER INTERNATIONAL, LLC,            :    Hon. Robert F. Kelly

    Defendant.                         :

## SUPPLEMENTAL DECLARATION OF PAUL YANG

1.    I am the inventor of United States Design Patent No. Des. 357,621 (the "'621 Patent") at issue in this case.

2.    I made a Declaration in this matter dated September 12, 2002. I hereby make the following Supplemental Declaration.

3.    Effective as of April 25, 1995 I assigned all of my interests in the '621 Patent to Keen Tools Corporation, a corporation of the People's Republic of China.

4.    On May 5, 2000, Keen Tools Corporation assigned all of its interests in the '621 Patent back to me in my individual capacity. As President of Keen Tools Corporation, I executed the Assignment document on May 5, 2000. May 5, 2000 was also the effective date of the Assignment. A true and correct copy of the Assignment document was attached to my prior Declaration as Exhibit 1, and for convenience is also attached to this Supplemental Declaration as Exhibit 1.

5.    On June 4, 2002, I assigned all of my interests in the '621 Patent to Robert A. Vito, and confirmed that assignment on June 28, 2002. A true and correct copy of the June 4, 2002 Assignment is attached to this Supplemental Declaration as Exhibit 2.

6.    The statement in the June 4, 2002 Assignment referring to "uncertainty" was included out of an abundance of caution and not because of any specific uncertainty concerning the May 5, 2000 Assignment from Keen Tools Corporation to myself.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on  26 Sept , 2002                    _____
                                                        Paul Yang

## ASSIGNMENT OF PATENT

KEEN TOOLS CORPORATION, a Taiwanese Corporation, in consideration of the sum of One Dollar (US$1.00) and other good and valuable consideration paid, the receipt and sufficiency of which is hereby acknowledged, assigns, transfers and sets over to Paul Yang, his successors and assigns, the entire right, title and interest, including all claims relating thereto, for the United States and its territories, dependencies and possessions, in and to United States Design Patent No DES 357,621, and any reissue, substitute or extension, which may issue there from. This Assignment of Patent shall be deemed effective as of 5th May 2000. This assignment specifically includes assignment of the right to sue for all past infringements of United States Design Patent No DES 357,621.

KEEN TOOLS CORPORATION

By ....................................

                AUTHORISED SIGNATURE

Paul Yang, President.

Witness

Paul Moreton.

# A S S I G N M E N T

WHEREAS, I, Paul Yang, 49-1, Feng Hwa, Feng Hwa Tsuen, Shin Shyh Hsiang, Tainan Hsien, Taiwan R.O.C., (hereinafter generally referred to as "ASSIGNOR"), have invented a certain new and useful:

## SLIDING HOOK PORTION OF A VEHICLE
## STEERING WHEEL LOCK ASSEMBLEY

for which I have received United States Letters Patent No. Des. 357,621; and all related Letter Patents that are issued in the territory of the United States and its possessions and territories; Mexico; and Canada.

WHEREAS, Robert A. Vito, an individual residing at 1434 Sugartown Road, Berwyn, PA 19312, hereinafter generally referred to as "ASSIGNEE", is desirous of acquiring said invention and said patents; and

WHEREAS, ASSIGNOR has expressed concern about their ability to enter into this Assignment based upon uncertainty with respect to the rights possessed by ASSIGNOR, but is willing to transfer to ASSIGNEE whatever rights are possessed by ASSIGNOR.

NOW, THEREFORE, in consideration of the sum of Five Thousand Dollars ($5,000.00) and other good and valuable executed consideration, the full receipt and sufficiency of all of which are hereby acknowledged, and intending to be legally bound hereby, the ASSIGNOR, hereby agrees to sell, assign, transfer and convey and by these presents does sell, assign, transfer and convey unto the above-named ASSIGNEE, the whole and entire right, title and interest

in and to said inventions and Letters Patents for the territory of the United States and its possessions and territories; and

in and to said inventions and Letters Patents for the territory of the Mexico and its possessions and territories; and

in and to said inventions and Letters Patents for the territory of the Canada and its possessions and territories; and

in and to the above Letters Patents, all of the Letter Patents for the United States and its possessions and territories which may be granted on said inventions including divisions, reissues, reexamination certificates and continuations; and

1 of 2

PATENT
REEL: 012775 FRAME: 0043

together with all claims for damages by reason of past infringement of said United States Letters Patents with the right to sue for and collect the same for its own use and behalf or for the use and behalf of its legal representatives;

said inventions and Letters Patents to be held and enjoyed by the above-named ASSIGNEE, for ASSIGNEE's own use and behalf, and for ASSIGNEE's legal representatives and assigns to the full end of the term or terms for which said Letters Patents have been granted, as fully and entirely as the same would have been held by the undersigned ASSIGNOR had this assignment and sale not been made; and for the aforesaid consideration ASSIGNOR hereby covenants, agrees and undertakes to execute, whenever requested by the above-named ASSIGNEE, all patent applications, assignments, lawful oaths and any other papers which ASSIGNEE may deem necessary or desirable for securing to ASSIGNEE or for maintaining for ASSIGNEE all the Letters Patents hereby assigned or agreed to be assigned; all without further compensation to the undersigned ASSIGNOR.

_____4 June '02._____
(Date)

_____ (Seal)
Paul Yang

WITNESS:

_____
Signature

_____PAUL MORSTON_____
Name

_____PO Box 1141_____
Address

_____TAINAN CITY   TAIWAN_____
Address

2 of 2

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

Case No. 99-552-CIV-MOORE

KEEN TOOLS CORPORATION,

    Plaintiff,

vs.                                          __ORDER__

WINNER INTERNATIONAL, INC.,
a Pennsylvania Trust; and WINNER
INTERNATIONAL ROYALTY
CORPORATION,

    Defendants.

_____/



THIS CAUSE came before the Court <u>sua</u> <u>sponte</u>.

UPON CONSIDERATION of the Motion and response, and being otherwise fully advised in the premises, the Court enters the following ORDER.

## BACKGROUND

This is an action by a Taiwanese manufacturer and distributor of automotive accessories, Keen Tools Corporation ("Keen"), against the manufacturer of a vehicle anti-theft device, Winner International LLC ("Winner"), for patent infringement, trade dress infringement, and unfair competition.

Since 1986, Winner has been manufacturing, marketing, and selling a vehicle anti-theft device entitled "the Club." Winner alleges that this device is protected by a number of patents, a trademark, and an inherently distinctive trade dress.



At some point after the development and sale of the Club, Keen obtained a patent (the "'621 Patent"), in order to develop and sell a vehicle anti-theft device with a dual hook design. Under this patent, Keen has marketed and sold a product that it has labeled and sold under the names "Dr. Hook," and "Elephant Lock."

Following the development and sale of Dr. Hook/Elephant Lock, Keen brought an action against Winner for declaratory relief. Specifically, Keen sought a judicial determination that Dr. Hook/Elephant Lock did not infringe the patents which Winner held to protect its interests in the manufacture and sale of the Club. That case is currently pending in the Eastern District of New York. See American Auto Accessories, Inc. and Keen Tools Corp. v. Winner Int'l Corp., No. CV 96-5738 (NG) (the "New York action").

At some point following the development of Dr. Hooks/Elephant Lock, Winner began marketing an "off brand" vehicle anti-theft device entitled "Double Hooks." Keen now claims that Double Hooks directly infringes the '621 Patent.

In its Answer, Winner requests, inter alia, that the Court enter an order staying the instant case pending the outcome of the New York action.

## DISCUSSION

In both the instant action and the New York action, there are common issues of fact, as well as common questions of patent validity. These issues raise significant concerns over whether the interests of judicial economy are best served by the current scheme of dual-jurisdiction adjudication of the two pending cases. Further, it appears to the Court that should the New York action result in a decision adverse to Keen, the instant action would become moot. Accordingly, the Court issued an Order on June 30, 1999, requiring the parties to show cause why the above-

captioned action should not be stayed or transferred. On July 16, 1999, Defendant Winner filed a memorandum of law in support of staying the case. To date, no response has been filed by Plaintiff.

## CONCLUSION

UPON CONSIDERATION of the record, it is hereby ORDERED AND ADJUDGED that this case is CLOSED FOR STATISTICAL PURPOSES.

All matters in this action are stayed pending resolution of the case of <u>American Auto Accessories, Inc. and Keen Tools Corp. v. Winner International Corp</u>, No. CV 96-5738 (NG), which is currently pending in the United States District Court for the Eastern District of New York. The parties shall inform the Court of the disposition of the <u>American Auto Accessories, Inc.</u> action no later than ten (10) days after judgment is entered, at which point the parties may also petition the Court to reopen the instant case (Case No. 99-552-CIV-MOORE).

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of August, 1999.

_____
K/MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    Stephen M. Gaffigan, Esq.
       Silvia M. Garrigo, Esq.

---

# U.S. District Court

## New York Eastern (Brooklyn)

## CIVIL DOCKET FOR CASE #: 96-CV-5738

## American Auto Access, et al v. Winner International

Filed: 11/22/96
Assigned to: Judge Nina Gershon
Demand: $0,000
Nature of Suit: 830
Lead Docket: None
Jurisdiction: Federal Question
Dkt# in other court: None
Cause: 28:2201 Declaratory Judgment

---

```
AMERICAN AUTO ACCESSORIES INC.,      George R. Hinckley, Jr.
a New York Corporation                 [term 02/14/00]
       plaintiff                     Below Address Terminated on 2/18/00
                                     632-3000
                                     [COR LD NTC]
                                     Fitzpatrick, Cella, Harper &
                                     Scinto
                                     30 Rockefeller Plaza
                                     New York, NY 10112-3801
                                     (212) 218-2100

                                     George R. Hinckley, Jr.
                                     Fax (212) 656-1531
                                     Traiger & Hinckley LLP
                                     880 Third Avenue
                                     New York, NY 10022
                                     (212) 759-4933

                                     Michael C. Cesarano, Esq.
                                     Fax (305) 374-5095
                                     [COR LD NTC]
                                     Akerman, Senterfitt & Eidson
                                     SunTrust International Center
                                     One Southeast Third Avenue
                                     28th Floor
                                     Miami, FL 33131
                                     (305) 374-5600

KEEN TOOLS CORPORATION, a            Thomas A. Smart
Taiwan Corporation                   [COR LD NTC]
```

```
    plaintiff                      Kaye, Scholer, Fierman, Hays &
                                   Handler
                                   425 Park Avenue
                                   New York, NY 10022
                                   (212) 836-8000


                                   Steven Ira Peretz

                                   [COR LD NTC]
                                   Kluger, Peretz, Kaplan & Berlin
                                   201 South Biscayne Boulevard
                                   17th Floor, Miami Center
                                   Miami, Fl 33131
                                   (305) 379-3428


                                   Stephen Michael Gaffigan
                                    [term 03/21/00]
                                   [COR LD NTC]
                                   Klugar, Peretz, Kaplan & Berlin
                                   201 South Biscayne Boulevard
                                   17th Floor, Miami Center
                                   Miami, Fl 33131
                                   (305) 379-3428

  v.

WINNER INTERNATIONAL CORP., a      Adam David Cole
Pennsylvania Business Trust        [COR LD NTC]
     defendant                     Camhy Karlinsky & Stein LLP
                                   1740 Broadway
                                   16th
                                   New York, NY 10019-4315
                                   212-977-6600


                                   Kenneth A. Lapatine
                                   [COR LD NTC]
                                   Camhy Karlinsky & Stein
                                   1740 Broadway, 16th Floor
                                   New York, NY 10019-4315
                                   (212) 977-6600


------------------------

WINNER INTERNATIONAL CORP.         Adam David Cole
     counter-claimant              (See above)
                                   [COR LD NTC]

                                   Kenneth A. Lapatine
                                   (See above)
                                   [COR LD NTC]

  v.

AMERICAN AUTO ACCESSORIES INC.     Thomas A. Smart
     counter-defendant             [COR LD NTC]
                                   Kaye, Scholer, Fierman, Hays &

                                   Handler
                                   425 Park Avenue
                                   New York, NY 10022
```

(212) 836-8000

Steven Ira Peretz
[COR LD NTC]
Kluger, Peretz, Kaplan & Berlin
201 South Biscayne Boulevard
17th Floor, Miami Center
Miami, Fl 33131
(305) 379-3428

Stephen Michael Gaffigan
 [term 03/21/00]
[COR LD NTC]
Klugar, Peretz, Kaplan & Berlin
201 South BIscayne Boulevard
17th Floor, Miami Center
Miami, Fl 33131
(305) 379-3428

George R. Hinckley, Jr.
Fax (212) 656-1531
[COR LD NTC]
Traiger & Hinckley LLP
880 Third Avenue
New York, NY 10022
(212) 759-4933

Michael C. Cesarano, Esq.
Below Address Terminated on 8/28/00
Fax (305) 358-1226
Bienstock & Clark
First Union Financial Center
200 South Biscayne Boulevard
Suite 3160
Miami, FL 33131
(305) 373-1100

KEEN TOOLS CORPORATION          Thomas A. Smart
    counter-defendant           (See above)
                                [COR LD NTC]

                                Mark J. Abate
                                 [term 07/05/00]
                                Fax (212) 751-6849
                                [COR LD NTC]
                                Morgan & Finnegan, L.L.P.
                                345 Park Avenue
                                New York, NY 10154
                                (212) 758-4800

                                Steven Ira Peretz
                                (See above)
                                [COR LD NTC]

                                Stephen Michael Gaffigan
                                 [term 03/21/00]
                                [COR LD NTC]
                                Klugar, Peretz, Kaplan & Berlin
                                201 South Biscayne Boulevard
                                17th Floor, Miami Center

                        Miami, Fl 33131
                        (305) 379-3428

---

# DOCKET     PROCEEDINGS

---

DATE    #              DOCKET     ENTRY


11/22/96 1      COMPLAINT filed and summons(es) issued  for Winner
                International    FILING FEE $ 120.00  RECEIPT # 189364 (ml)
                [Entry date 12/04/96]

12/16/96 2      STIP/ORDER dated 12/17/96 that deft Winner International's
                time to answer or move extended to & including 1/15/97.
                (signed by Judge Nina Gershon). (lg) [Entry date 12/19/96]

12/23/96 3      RETURN OF SERVICE executed as to Winner International Corp.
                11/25/96 Answer due on 12/15/96 for Winner International
                Corp. (ll) [Entry date 12/24/96]

1/17/97 4       LETTER   dated 1/13/97 from Adam Cole  to Messrs. Smart and
                Peretz, enclosing copies of Winner International's Notice
                of Motion to Dismiss along with Winner International's Memo
                of Law in support of Motion to Dismiss and Winner
                International's Rule 9 Statment.  (Without enclosure) (ll)
                [Entry date 01/17/97]

1/29/97 5       LETTER  dated 1/27/97 from Adam D. Cole  to Judge Gershon,
                informing that deft. Winner has agreed to pltff.'s request
                for an extension of time to respond to Winner's motion to
                dismiss (returnable 1/28/97) to 2/11/97. Winner's reply, if
                any, will be due on 2/18/97 and the return date scheduled
                for 2/20/97. (ll) [Entry date 01/29/97]

2/19/97 6       LETTER   dated 2/18/97 from Adam Cole  to Judge Gershon,
                advising that deft. Winner has agreed to pltffs.' further
                request for an extension of time to respond to Winner's
                motion to dismiss, returnable 1/28/97 to 2/25/97. Winner's
                reply, if any, will be due on 3/4/97, and the return date
                scheduled for 3/6/97. (ll) [Entry date 02/19/97]

3/3/97 7        LETTER   dated 3/3/97 from Adam Cole  to Judge Gershon
                informing that deft. Winner has agreed to pltffs.' request
                for an extension of time to respond to Winner's motion to
                dismiss, originally returnable 1/28/97, to 3/17/97.
                Winner's reply, if any, will be due on 3/24/97, and the
                return date scheduled for 3/26/97. (ll)
                [Entry date 03/05/97]

3/12/97    8    MOTION by American Auto Accessories, Inc., Keen Tools Corp.
for Steven Ira Peretz, Stephen Michael Gaffigan to appear
pro hac vice. (ll) [Entry date 03/13/97]

3/18/97    --   Endorsed order dated 3/17/97, granting [8-1] motion for
Steven Ira Peretz, Stephen Michael Gaffigan to appear pro
hac vice for pltffs. ( Signed by Judge Nina Gershon on
reverse of document #8 )  C/M (ll) [Entry date 03/18/97]

3/19/97    9    LETTER    dated 3/17/97 from David Raskin  to Judge Gershon,
advising that deft. will not oppose pltffs' motion for
admissions pro hac vice filed on 3/12/97. (ll)
[Entry date 03/19/97]

3/31/97    10   FIRST AMENDED COMPLAINT by American Auto Accessories, Inc.,
Keen Tools Corp. , (Answer due 4/10/97 for Winner
International Corp. ) amending [1-1] complaint. (ll)
[Entry date 03/31/97]

4/2/97     11   LETTER    dated 3/26/97 from Adam Cole  to Judge Gershon,
advising that deft. Winner has agreed to pltffs' request
for an extension of time to respond to Winner's motion to
dismiss, originally returnable 1/28/97, to 4/8/97. Winner's
reply, if any, will be due on 4/22/97, and the return date
scheduled for 4/24/97. (ll) [Entry date 04/02/97]

6/18/97    12   LETTER    dated 6/17/97 from Adam D. Cole  to Judge Gershon,
informing that deft. Winner withdraws its motion to dismiss
pltff.'s initial complaint. (ll) [Entry date 06/18/97]

6/18/97    13   STIP/ORDER (not dated) that time for deft. Winner
International Corp. to answer the amended complaint is
extended to 7/8/97 ( signed by Judge Nina Gershon ) (ll)
[Entry date 06/18/97]

7/23/97    14   ORDER dated 7/22/97 that  an initial conference will be
held on 9/17/97 at 4:00 p.m. before Magistrate Roanne L.
Mann C/M ( signed by Magistrate Roanne L. Mann ) (ll)
[Entry date 07/23/97]

9/17/97    15   Calendar entry: Before Mag. Mann on 9/17/97 at 4:00 p.m.,
case called for initial conferernce.  Fact discovery to be
completed by 7/31/98. Next settlement conference
scheduled for 3:30 8/6/98 before Magistrate Roanne L.
Mann. Automatic disclosure shall be completed by 10/31/97.
Pleadings may be amended and new parties joined as of right
under 3/2/98. (ll) [Entry date 09/18/97]

9/25/97    16   NOTICE of Change of Address by the law firm of Kluger,
Peretz, Kaplan & Berlin, P.A. (ll) [Entry date 09/26/97]

12/29/97   17   NOTICE by American Auto Access and Keen Tools Corp. to take
deposition of Winner International Corp. on 1/23/98 at
9:00. (tdh) [Entry date 12/29/97]

1/5/98     18   STIPULATION AND ORDER, staying proceedings in this case
pending entry of final judgment in the 146 Action or other
disposition through settlement. ( signed by Magistrate
Roanne L. Mann on 1/9/98.) (md) [Entry date 01/26/98]

1/14/98    --      CASE NO LONGER REFERRED TO   Magistrate Roanne L. Mann as
case should be administratively closed. (mp)
[Entry date 01/14/98]

1/16/98    --      CASE REFERRED   to Magistrate Roanne L. Mann (mp)
[Entry date 01/16/98]

1/16/98    --      Magistrate Judge Mann has been selected by random
selection to handle any matters that may be referred in
this case. (md) [Entry date 01/16/98]

3/16/98    19      STIPULATION AND ORDER,   resetting answer due for 20 days
after the expiration of the Stipulation and ORder of Stay
dated 12/28/97. ( signed by Magistrate Roanne L. Mann
(undated). (md) [Entry date 03/16/98]

3/31/98    21      NOTICE of plaintiffs' unavailability of counsel, Stephen
Gaffigan, of Kluger, Peretz, Kaplan & Berlin during the
moth of August 1998., (wa) [Entry date 05/07/98]

4/6/98    20      ORDER dtd. 3/24/98 The stip. was so ordered & docketed in
Jan. 1998.   On ltr. dtd. 3/23/98 from Adam D.Cole regarding
stip. and order of stay of discovery schedule. ( signed by
Magistrate Roanne L. Mann ) (rj) [Entry date 04/06/98]

10/13/98 22      LETTER dated 10/7/98 from Adam D. Cole, Esq. to Magistrate
Mann requesting that the Court schedule a conference at
it's earliest convenience to set a new discovery schedule.
(clp) [Entry date 10/13/98]

10/14/98 23      ORDER dated 10/9/98 directing that defendant shall show
cause in writing by 10/16/98, why the stay in this action
should not be extended until the decision of the Federal
Circuit on the validity of the Winner Patent. Plaintiff may
reply by 10/22/98. (The parties shall provide the Court
with the dates for briefing and oral argumnet in the
Federal District). Signed by Magistrate Roanne L. Mann. See
faxed copy of letter dated 10/7/98 from Stephen M.
Gaffigan, Esq. to Magistrate Mann. (clp)
[Entry date 10/14/98]

2/18/99    24      MEMORANDUM and ORDER dated 2/16/99 directing that for the
reasons stated in this document, this Court denies
plaintiffs' application to extend the stay of this case.
The parties   shall confer and, by February   24, 1999,
submit a joint proposed   discovery schedule.   Signed by
Magistrate Roanne L. Mann. Faxed by chambers. ) (clp)
[Entry date 02/18/99]

3/4/99    25      ORDER dated 3/1/99 granting the plaintiff's request for an
enlargment of time up to and including 3/3/99 to submit a
joint proposed discovery schedule. Signed by Magistrate
Roanne L. Mann. See faxed copy of letter dated 3/26/99 from
Stephen M. Gaffigan, Esq. to Mag. Mann. (clp)
[Entry date 03/04/99]

3/9/99    26      ANSWER by Winner International Corp. to the first amended
complaint and COUNTERCLAIMS. (sg) [Entry date 03/12/99]

3/9/99    --      COUNTERCLAIM by Winner International against Keen Tools

|  |  | Corp. and American Auto Accessories, Inc.  (See doc. #26) (sg) [Entry date 03/12/99] |
|---|---|---|
| 3/23/99 | 27 | STIPULATED DISCOVERY PLAND AND SCHEDULING ORDER setting initial discosures to be completed by 3/15/99; expert discovery to be completed by 10/8/99 which may be extended provided they do not extend beyond the settlement conference set for 10/13/99 at 10:00 and further provided that the parties promptly notify the Court of the modification; pleadings may be amended and new parties joined as of right until 4/30/99;  dispositive motions to be filed by 11/12/99. ** refer to document for further deadlines ** Signed by Magistrate Roanne L. Mann on 3/5/99. (c/f by chambers on 3/8/99} (wa) [Entry date 03/23/99] |
| 3/23/99 | 28 | ANSWER by Keen Tools Corp., American Auto Access  to [0-1] counter claim. (clp) [Entry date 03/25/99] |
| 3/26/99 | 29 | Plaintiffs' Notice of Serving Amended First Set of Interrogatiories to defendant, Winner International, L.L.C. (clp) [Entry date 03/31/99] |
| 4/29/99 | 30 | NOTICE of filing Amended Pleadings in accordance  with scheduling order by Keen Tools Corp.and American Auto Access. (clp) [Entry date 05/05/99] |
| 4/29/99 | 31 | SECOND AMENDED COMPLAINT by Keen Tools Corp., American Auto Access. Answer due 5/9/99 for Winner International. Amending [10-1] amended complaint. (clp) [Entry date 05/05/99] |
| 6/29/99 | 32 | MEMORANDUM by Defendants in opposition to stay of proceedings. (clp) [Entry date 06/29/99] |
| 6/29/99 | 33 | DECLARATION of Adam D. Cole, Esq. on behalf of the defts. requesting plaintiffs motion to stay. (clp) [Entry date 06/29/99] |
| 8/11/99 | 34 . | NOTICE of Absence from Jurisdiction filed by Steven I. Peretz, Esq., counsel for the Plaintiffs. Counsel will be absent from jurisdiction from 10/1/99 -10/15/99. (clp) [Entry date 08/18/99] |
| 9/10/99 | 35 | ORDER  directing as follows; the parties' request for a 120 day extension of the discovery and other deadlines set forth in the 3/99 discovery plan and scheduling order is granted.  Thus Fact discovery shall be completed by 12/28/99; expert discovery sall be completed by 2/5/00. The settlement  conference is adjourned to 2/8/00 at 2:00.  In view of the lenght of the extension, no further adjournments will be granted. Signed by Magistrate-Judge Roanne L. Mann , on 9/7/99. See letter dated 9/3/99 from Adam D. Cole, Esq. to Mag. Mann. (clp) [Entry date 09/10/99] |
| 11/2/99 | 36 | LETTER sent to docketing dated 10/27/99 from Adam D. Cole, Esq. to Judge Gershon  requesting that the Court order a date certain for replacement counsel for the pltf. to be appointed. (clp) [Entry date 11/02/99] |
| 12/16/99 | 37 | LETTER sent to docketing dated 10/26/99 from Stephen M. |

Gaffigan, Esq. to Judge Gershon requesting permission to withdraw as counsel for the plaintiffs. (clp) [Entry date 12/16/99]

| | | |
|---|---|---|
| 1/18/00 | 38 | LETTER sent to docketing dated 1/7/00 from Adam D. Cole, Esq. to Judges Gershon and Mann written on behalf of Winner International to request a pre-motion conference. (clp) [Entry date 01/18/00] |
| 1/24/00 | 39 | ORDER: The Court has learned  that a pre-motion conference is scheduled before Judge Gershon for 2/8/00. In View of this development. and the fact that discovery  reportedly has not been completed, the 2/8/00 settlement conference is adjourned  sine die. The parties are directe  to submit a status report to Mag. Mann's chambers by 2/16/00.   Signed by Magistrate Roanne L. Mann , on 1/19/00. ( See letter dated 1/7/00 from Adam D. Cole, Esq. to Judge Gershon and Mag. Mann. (clp) [Entry date 01/24/00] |
| 2/8/00 | 40 | Calendar entry:Before Judge Gershon Civil Cause for pre motion conf.   Bienstock & Clark will be substituted as counsel for pltff.   Keen Tools, which has not yet appointed new counsel to replace Stephen Gaffigan, must appear by sub, counsel within 20 days.   If it does not appear by sub, counsel, its claims will be dismissed and it will be subject to default on deft's counterclaims. During the next  20 days, Mr Gaffigan is directed to remain in the case for the sole purpose of transmitting copies of any court orders to Keen Tools.   Mr Gaffigan is also directed to transmit a copy of the transcript of this conf. to American Auto, Keen Tools and Mag Mann.   Deft's motion to dismiss on the ground that pltff's have failed to comply with discovery is referred to Mag Mann. (rj) [Entry date 02/10/00] |
| 2/14/00 | 41 | STIPULATION and ORDER, substituting attorney; terminated attorney George R. Hinckley for American Auto Access. Added attorney Michael C. Cesarano. Signed by Judge Nina Gershon , on 2/8/00. (clp) [Entry date 02/14/00] |
| 2/17/00 | 42 | LETTER sent to docketing dated 2/9/00 from George R. Hinckley, Jr. Esq. to Judge Gershon enclosing a stipulation for substitution of counsel to be so ordered by the Court. (Stip attached unsigned by Judge Gershon) (clp) [Entry date 02/17/00] |
| 3/3/00 | 43 | ORDER:  The parties shall on pain of sanctions submit a status report to chambers by 3/3/00. Signed by Magistrate Roanne L. Mann , on 2/24/00. (clp) [Entry date 03/03/00] |
| 3/3/00 | 44 | NOTICE of attorney appearance for Keen Tools Corp.  by Mark J. Abate. (clp) [Entry date 03/03/00] |
| 3/21/00 | 45 | LETTER dated 2/28/00 from Stephen Gaffigan, Esq., to Magistrate Mann,  stating that his firm now represents Keen Tools Corp. and were relieved as counsel for American Auto Access. before Judge Gershon on 2/8/00. (wa) [Entry date 03/21/00] |
| 3/21/00 | 46 | LETTER dated 3/2/00 from Adam Cole, counsel for Winner |

|          |    |                                                                                                                                                                                                                                                                                                                                                                                          |
|----------|----|

International LLC, to Magistrate Mann, stating that since now counsel has be replace for plaintiffs, discovery will now proceed  and is requesting a discovery cut off date be set for 5/1/00. (wa) [Entry date 03/21/00]

3/21/00   47   LETTER   dated 3/2/00 from Michael Cesarano, new counsel for American Auto Access., to Magistrate Mann,  requesting to have the discovery cut off date extended until 6/1/00. (wa) [Entry date 03/21/00]

3/21/00   48   LETTER   dated 3/3/00 from Mark Abate, counsel for Keen Tools Corp., to Magistrate Mann, forwarding a proposed revised discovery plan and scheduling order. (wa) [Entry date 03/21/00] [Edit date 03/21/00]

3/21/00   49   LETTER dated 3/8/00 from Adam Cole, counsel for Winner International, to Magistrate Mann, in opposition to Kenn Tools' request for a six month extension of the discovery schedule. (wa) [Entry date 03/21/00]

3/21/00   50   LETTER dated 3/3/00 from George Hinckley, local counsel for American Auto Access., to Magistrate Mann, forwarding a letter from principal counsel, Michael Cesarano whose pro hac vice motin will be filed shortly. (wa) [Entry date 03/21/00]

3/21/00   51   ORDER that all fact discovery, including depositions, shall be completed by 5/15/00.  Expert disclosures to be made by 6/2/00; experts whose testimony is intended to contradict or rebut expert testimony shall be made by 6/20/00; trial to be held in November 2000, either before Judge Gershon or before a visitng Judge. Schedule for briefing of motions to be set by trial judge, unless otherwise directed. Updated status report due 4/21/00. Signed by Magistrate Roanne L. Mann on 3/17/00. {c/f on 3/17/00} (wa) [Entry date 03/21/00]

3/23/00   52   NOTICE: The Hon. Avern Cohn, U.S.D.J, will be sitting by designation from 4/3/00 until 4/14/00.  This case has been referred to Judge Cohn for trial or dispostion.  A status conference will be held on 4/4/00 at 4:00. (clp) [Entry date 03/23/00]

3/23/00   53   CALENDAR NOTICE:  This matter is set for a Status Conf. be fore Judge Avern Cohn on 4/4/00 at 4:00 in room 546. (clp) [Entry date 03/23/00]

3/24/00   54   LETTER sent to docketing (undated) from Chambers of Judge Gershon to counsel for the parties advising that this case has been referred to  Visiting Judge Avern Cohn for trial durring November of this year. Judge Cohn's chambers  will contact  the parties in order to set a more detailed schedule. (clp) [Entry date 03/24/00]

3/29/00   55   LETTER dated 3/28/00 from Mark J. Abate, Esq. to Mag. Mann requesting assistance  in resolving a discovery dispute. (clp) [Entry date 03/29/00]

4/4/00    56   Calendar entry: Case called on 4/4/00 for Status Conf. before Judge Avern Conh. Counsel for all sides present. Conf. held. RULINGS: Parties are advised to file various

papers with the Court. Infringement case to be tried first.
The Court will send packages to all counsel containing the
Court's procedures for patent cases and the Court's
decision on his last two cases. Parties advised to write to
the Court in Eastern District of Michigan for Judge Cohn.
(clp) [Entry date 04/06/00]

4/14/00 57 LETTER sent to docketing dated 3/31/00 from Adam D. Cole,
Esq. to Mag. Mann written on behalf of deft. Winner
International in response to the letter submitted by
pltf.'s counsel dated 3/28/00. (clp) [Entry date 04/14/00]

5/1/00 58 ORDER setting forth the issues to be addressed at the trial
of this matter. A seperate pre- trial order setting forth
the following dates is attached; Discovery shall be
completed by 5/30/00; Pre Trial Order: Pltf: 9/25/00; Deft:
10/16/00; Joint: 10/30/00; Pre-Trial Conference scheduled
for 11/6/00 at 9:00. Trial shal commence on 11/7/00 at 9:00.
Signed by Visiting Judge VJ Avern Cohn , on 4/28/00. (clp)
[Entry date 05/01/00] [Edit date 05/01/00]

5/9/00 59 ORDER (unsigned copy) of Visiting Judge directing as
follows; The time for completing fact discovery is
extended to 7/14/00; Open expert reports are due 8/1/00;
rebuttal expert reports are due on 8/15/00; expert
depositions are to be completed by 8/30/00. The Deft.'s
Markman hearing shall be made on 9/15/00. The 11/7/00
trial and related discovery are limited to the issues of
infringement, res judicata and equitable estoppel. (clp)
[Entry date 05/15/00]

5/9/00 60 NOTICE of Joint Motion to Extend Discovery. (clp)
[Entry date 05/15/00]

5/15/00 61 ORDER; signed by Visiting Judge Avern Cohn on 5/12/00;
directing as follows; The time for completing fact
discovery is extended to 7/14/00; Open expert reports are
due 8/1/00; rebuttal expert reports are due on 8/15/00;
expert depositions are to be completed by 8/30/00. The
Deft.'s Markman hearing shall be completed by 8/30/00. The
Deft.'s Markman hearing shall be made on 9/15/00. The
11/7/00 trial and related discovery are limited to the
issues of infringement, res judicata and equitable
estoppel. (clp) [Entry date 05/16/00]

5/17/00 62 LETTER dated 5/17/00 from Mark J. Abate, Esq. to Judge
Avern Cohn requesting the Court's assistance in resolving
several discovery disputes concerning Winner
International's responses to Keen' interrogatories. (clp)
[Entry date 05/18/00]

6/9/00 63 NOTICE of Change of Address by George R. Hinckley, Jr.
attorney American Auto Access. New address: Traiger &
Hinkley LLP 880 Third Avenue, NY, NY 10022-4730.
(212)759-4933; Fax: (212) 656-1531. (clp)
[Entry date 06/13/00]

6/9/00 64 MOTION as to Keen Tools Corp. for Mark J. Abate to
withdraw as attorney for Keen Tools Corp. Motion file
stamped: 6/9/00 and mailed/served: 6/9/00. (clp)

[Entry date 06/16/00]

6/13/00  65    OBJECTIONS AND RESPONSES by Kluger, Peretz, Kaplan &
               Berlin, P.A's to subpoena dueced tecum of Winner
               International. (clp) [Entry date 06/16/00]

7/5/00   66    ORDER granting Mark J. Abate and Morgan & Finnegan's [64-1]
               motion for Mark J. Abate to withdraw as attorney for Keen
               Tools Corp. (Terminated attorney Mark J. Abate for Keen
               Tools Corp.) Keen has 20 days from the date of this Order
               to have an appearance entered by as newly retained couinsel
               Keen has 30 days from the date of this Order  to make its
               witnesses available for their depositions. Signed by
               Visiting Judge VJ Avern Cohn , on 6/28/00. (clp)
               [Entry date 07/05/00]

7/6/00   67    LETTER dated 7/6/00 from Mark J. Abate, Esq. to Clerk of
               the Court enclosing a copy of the Court's 6/28/00 Order
               with Certificate of Service on Keen Tools Corp. (Encls.
               attached to this doc) (clp) [Entry date 07/13/00]

8/4/00   68    MOTION by Winner International for default and contempt
               judgment and against Keen Tools Corp.. Motion file
               stamped: 8/15/00 and  mailed/served: 8/4/00. (clp)
               [Entry date 08/25/00]

8/28/00  69    NOTICE of change of address as counsel for American Auto
               Accessories: Michael C. Cesarano,  Adam D.Cole, Esq., Camhy
               Karlinsky & Stein LLP,1740 Broadway, 16th New York, N.Y.
               10019-4315. (ld) [Entry date 08/28/00]

8/31/00  70    ORDER, INJUNCTION and JUDGMENT: A default Judgment in
               entered  against  pltf. and counter-deft. Keen Tools Corp.
               on the motion of dft. and counter pltf. Winner
               International Corp; and: A. The Second Amended Complaint is
               dismissed as to Keen only;  B. Keen is adjudged  to have
               infringed on U.S. Patent Nos. 4,935,047('047 patent) and
               5,865,044(044 pantent). See this document for injunctions
               and enjoinments against Keen. Signed by VJ, Avern Cohn , on
               8/29/00. c/m by chambers. (clp) [Entry date 09/05/00]

10/31/00 --    CASE NO LONGER REFERRED TO   Magistrate Roanne L. Mann (mp)
               [Entry date 11/01/00]

11/14/01 71    ORDER, dismissing case for lack of progress. C/M by
               chambers. ( signed by VJ, Avern Cohn , on 11/7/01) (chee)
               [Entry date 11/14/01]

11/14/01 --    Case closed as per document #71. (chee)
               [Entry date 11/14/01]

---

Case Flags:
CLOSED

END OF DOCKET: 1:96cv5738

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/26/2002 11:10:03 | | | |
| **PACER Login:** | bs0030 | **Client Code:** | |
| **Description:** | docket report | **Search Criteria:** | 1:96cv05738 |
| **Billable Pages:** | 13 | **Cost:** | 0.91 |

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Motion For Leave To File Sur-Reply

Opposing Defendant's Motion to Dismiss, and Plaintiff Lawman Armor Corp.'s Sur-Reply

Opposing Defendant's Motion to Dismiss were served on the following individuals on this date,

as set forth below:

<u>VIA HAND DELIVERY</u>
Christopher A Rothe
Dann Dorfman Herrell and Skillman, P.C
Suite 720, 1601 Market Street
Philadelphia, PA 19103

<u>VIA OVERNIGHT MAIL</u>
Robert V. Vickers
Fay , Sharpe, Fagan, Minnich, & Mkenn LLP
1100 Superior Avenue, Seventh Floor
Cleveland, OH 44114

Dated: September 26, 2002

Corey Field