IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWMAN ARMOR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>WINNER INTERNATIONAL, LLC,<br><br>    Defendant. | CASE NO. 2:02-CV-4595-RK<br><br>Judge Robert F. Kelly<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

The parties recognizing that they possess confidential information that might be necessary or desirable to reveal to each other during discovery in this action, and desiring to obtain a confidentiality and protective order sanctioned by this Court to protect such information, hereby STIPULATE AND AGREE, subject to the Court's approval, that the following provisions shall govern the handling of such confidential information in these proceedings:

1.  <u>Definitions.</u> For purposes of this Order:

    (a)  "Confidential information" means non-public information that constitutes trade secrets, know-how, proprietary data and/or other confidential research, development, or commercial information.

    (b)  "Producing party" or "designating party" shall mean the person or party (and its outside counsel) who is producing information to another person or party pursuant to any formal or informal discovery and who deems that information confidential.

    (c)  "Inspecting party" or "receiving party" shall mean the person or party (and its outside counsel) who is the recipient of information supplied by the producing party.

(d) "Outside counsel" shall mean the outside law firms engaged by the plaintiff and the defendant to represent them in this litigation. In-house attorneys do not qualify and shall not be considered as "outside counsel."

2. **Duties.** It shall be the duty of the party who seeks to invoke protection under this Order to give notice, by designating in the manner required hereunder, the information claimed by such person or party to be confidential, and it shall be the duty of any other party or person who receives such information to maintain the confidentiality of such information hereunder.

3. **Marking of Produced Documents.** All documents, or portions thereof, that the producing party asserts contain confidential information shall be marked "CONFIDENTIAL" before they are delivered to counsel for the receiving party.

4. **Production of Original Files for Inspection.** In the event the producing party elects to produce original files and records for inspection by counsel for the inspection party, no markings need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as confidential information and access during the initial inspection shall be limited to the individuals specified in Paragraph 9(b) hereof. Upon selection by the inspecting party of specific documents for copying, the producing party shall mark the copies of such documents containing confidential information as set forth above in Paragraph 3 hereof.

5. **Deposition Testimony.** At any deposition session when outside counsel for a party claims that a question, whether upon oral examination or written questions, incorporates confidential information, and/or the answer to a question will result in the disclosure of confidential information within the terms of this Order, outside counsel, at his or her option, may direct that the question and answer be transcribed separately from the remainder of the

deposition and the transcript containing the confidential information shall be marked "CONFIDENTIAL." Outside counsel for the party whose confidential information is involved may also request that all persons, other than the reporter, outside counsel, and individuals specified in Paragraph 9(b) hereof, leave the deposition room during the confidential portions of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for outside counsel to advise the witness that he or she need not answer a question seeking the disclosure of confidential information. Outside counsel may also designate sections of a deposition transcript by page and line number as "CONFIDENTIAL" provided that any such "CONFIDENTIAL" designation is provided in writing to outside counsel for the opposing party within 30 days following the date on which the transcript is transmitted by the court reporter.

6. **Interrogatories, Requests to Produce and Requests for Admission.**

(a) If an Interrogatory, Request to Produce, or Request for Admission contains information claimed to be confidential by the party serving the discovery, such Interrogatory, Request to Produce, or Request for Admission shall be marked "CONFIDENTIAL"

(b) If an answer to an Interrogatory or a response to a Request to Produce or a Request for Admission contains information claimed to be confidential, the answer or response shall be marked "CONFIDENTIAL" by the producing party.

7. **Using Confidential Information in Other Documents.** Any document, such as any pleading, memorandum, or other document, including transcripts, Depositions upon Written Questions, Interrogatories, Requests for Admission, and Requests to Produce, or any response thereto, that purports to reproduce or paraphrase any information that has previously been

3

designated confidential shall be marked "CONFIDENTIAL" by the party preparing such document or tangible thing and shall be so treated under the terms of this Order.

8. **Filing of Confidential Information With the Court.** Unless and until any confidential designation lapses or is denied by the Court, all transcripts of depositions or portions thereof, exhibits, Interrogatories and Answers to Interrogatories, Requests for Admission and Responses to Requests for Admission, and Requests to Produce and Responses to Requests to Produce, that have theretofore been designated as comprising or containing confidential information, or any pleadings or memoranda or other documents or tangible things purporting to reproduce or paraphrase such information, that are to be filed with the Court shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

> CONFIDENTIAL. Filed Pursuant to Confidentiality and Protective Order by [Plaintiff or Defendant]. Not to be opened nor the contents revealed except (1) to the Court and then resealed, (2) by agreement of the parties, or (3) by prior order of the Court.

9. **Custody and Access to Confidential Information.**

(a) Unless and until any confidential designation lapses or is denied by the Court, all transcripts of depositions or portions thereof, exhibits, Interrogatories and Answers to Interrogatories, Requests for Admission and Responses to Requests for Admission, Requests to Produce and Responses to Requests to Produce, pleadings, memoranda and/or other documents and tangible things, and any copies thereof, and all information obtained by an inspection of files, facilities or documents by outside counsel for any party pursuant to pretrial discovery in this action, whether formal or informal, that have been designated by the producing party as comprising or containing its confidential information shall, when provided or delivered to the

receiving party's outside counsel, be retained only in the custody of the receiving party's outside counsel and shall not be disclosed or used in contravention of this Order.

(b) Unless and until such confidentiality designation lapses or is denied by the Court, access to confidential information shall be limited to the following persons:

(i) outside counsel who are actively engaged in this action and the employees of such outside counsel whose duties require access to the confidential information;

(ii) any persons designated on the face of the document as a preparer or prior disclosee thereof or any person whom the producing party has already indicated to have been a preparer or prior disclosee thereof (hereinafter "prior recipient"); and

(iii) a limited number of outside experts, who are not employees, officers, agents, attorneys, or directors of a party, requested by outside counsel to furnish technical or expert services or to give testimony with respect to the subject matter of the trial of this action, provided that such outside experts have been disclosed to the producing party without objection in accordance with Paragraphs 9(c) and 9(d) hereof.

(c) Prior to disclosing any confidential information of a producing party to any outside expert of a receiving party, outside counsel for the receiving party shall provide counsel for the producing party with written notice of the name, address, current curriculum vitae, current employment, and applicable field of expertise of such outside expert and a signed undertaking, in the form of Attachment A annexed hereto, whereby such outside expert agrees to be bound by and comply with the terms of this Order. Counsel for the producing party shall promptly acknowledge receipt of this notice to the person who provided the notice. The original of each such signed undertaking shall be retained by counsel for the receiving party.

(d) Outside counsel for the producing party shall have the right to object, for good cause, to the disclosure of the confidential information of the producing party to any outside expert selected by outside counsel for the receiving party within 5 business days from the date of the actual receipt of the notice from the receiving party of the intended disclosure, and should such objection be made, no disclosure shall be made to such outside expert without leave of Court.

10. **Restrictions on Use of Confidential Information.** Unless and until the confidential designation lapses or is denied by the Court, no person or party shall disclose to anyone not specified in Paragraph 9(b) hereof any information designated as confidential under this Confidentiality and Protective Order, without prior written consent of the designating party or further order of the Court. Confidential information disclosed pursuant to this Confidentiality and Protective Order shall not be used for any purpose other than for purposes of this action.

11. **Application to Third Parties Subject to Discovery.** The terms and benefits of this Order may be extended to any third party to whom a request or subpoena for production of documents and things or testimony has been directed by any party to this action upon notice to all other parties to this action, whereupon such third party shall be treated as a producing party under this Order with respect to its response to such request or subpoena. Although the benefit of the proscriptions and limitations on use or disclosure provided by this Order may be extended to documents, things, and testimony provided by a third party, neither such third party nor its counsel shall be provided access to confidential information produced by the parties to this action, except where the Order otherwise specifically permits such access.

12. **Information Not Subject to the Confidentiality Restrictions.** The restriction on dissemination of confidential information contained herein shall not apply to:

(a) information that, prior to disclosure hereunder, is either in the possession or knowledge of an inspecting party who is under no restriction with respect to the dissemination of such confidential information;

(b) information that is public knowledge or that subsequently becomes public knowledge other than through an act or omission of a person receiving the confidential information under the terms of this Order; or

(c) information that has been designated confidential that subsequently becomes publicly known or is no longer held in confidence by the designating party.

13. **Inadvertent Disclosure of Confidential Information.** In the event that confidential information or documents are inadvertently produced to opposing counsel without a "CONFIDENTIAL" marking indicating their status as confidential information, and if counsel for the producing party designates such as confidential information within thirty (30) days of such disclosure, the receiving party shall, upon written request by the producing party, retain all such information on a confidential basis. To the degree reasonably possible after such a request, such information or documents shall be fully subject to this Order as if they had been initially so designated.

14. **Inadvertent Disclosure of Privileged Information.** In the event that attorney-client privileged information or attorney work product materials are inadvertently disclosed to opposing counsel pursuant to document production, and if counsel for the party producing the privileged material requests the return of the material within fourteen (14) days of discovering such inadvertent disclosure, counsel for the receiving party shall return the material promptly, without retaining copies, and there shall be no waiver of the attorney-client privilege or work product immunity by reason of such inadvertent disclosure. If the receiving party has extracted,

copied, or used information from a document or other discovery material that is subsequently returned pursuant to the immediately preceding paragraph, to the extent possible, the extracted information will be expunged promptly and not thereafter used. However, to the extent that, prior to being notified of the inadvertent production, the receiving party uses such information in good faith in documents filed with the Court or at depositions, the receiving party will have no obligation to expunge such information from or otherwise alter any such documents filed with the Court or the transcript of any such deposition.

15.     **Use of Confidential Information at Hearing or Trial.**  Nothing contained in this Order shall prejudice the right of any party to this action to use confidential information at any hearing or at trial in this action, including briefing, provided that any pre-trial use shall be made only under conditions that preserve the confidentiality of such information, including the provisions of paragraph 8 hereof, and nothing in this Order shall prevent the parties from providing, showing, or communicating confidential information to the Court if required in any proceeding herein.

16.     **Advice to Clients.**  Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and in the course thereof, referring to or relying upon his examination of confidential information of another party, provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not disclose the content, the gist, or the source of any confidential information of another party.

17.     **Contesting Confidentiality Designations.**  This Order shall be without prejudice to the right of any party or person to bring before the Court at any time the questions of whether any particular information is or is not confidential. The party or person asserting that the

information is not confidential or that the information is or has become public knowledge, or that such party or person was possessed or knew of such information prior to disclosure, shall have the burden of establishing the validity of its position.

18.   **Reservation of Other Objections.**  This Order is intended to provide a mechanism for the handling of confidential information and documents to which there is no objection to disclosure or production other than confidentiality.  Each party reserves the right to object on any other appropriate ground to any disclosure of information or to any production of any documents or part(s) thereof.

19.   **Redaction of Documents.**

(a)   If a producing party so chooses, it may redact from documents produced to the receiving party material irrelevant to the subject matter involved in this action, or subject to attorney-client privilege or work-product immunity, or subject to other objections beside confidentiality.

(b)   Documents produced for inspection and later copying may be provided in either redacted or unredacted form.  If a copy of any inspected document is requested, one copy may be redacted prior to furnishing it to counsel for the receiving party notwithstanding inspection of such documents in unredacted form.

(c)   The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a heavy, solid black line where material has been deleted.

(d)   If documents are redacted on the ground of relevance or as not falling within the terms of a discovery request, then (to the extent such redaction is not based on attorney-client privilege or work-product immunity) outside counsel for the receiving party shall

have the right, upon reasonable notice, to inspect (but not copy) the original unredacted documents solely for the purpose of determining whether to challenge the propriety of redaction. Counsel for an inspecting party shall identify to counsel for the producing party those portions of the documents that the inspecting party contends should be produced in unredacted form and shall state the basis for his or her contention. In the event the producing party continues to refuse to produce complete and unredacted documents, counsel for the inspecting party may seek a determination by the Court that all or part of redacted portions are relevant, are not privileged, and should be produced.

20.    **Amending the Order.** This Order may be amended without leave of Court by the agreement of outside counsel for the parties in the form of a written Stipulation that shall be filed with the Court. This Order is intended to regulate the handling of confidential information during the pretrial period of this litigation, but shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties hereto or by order of the Court.

21.    **Handling of Confidential Information Upon Termination of Action.** Upon final termination of this action, each receiving party shall be under an obligation to assemble and return to the producing party within thirty days of a written request for such return, all documents embodying information still designated confidential by the producing party, including all copies of such documents that may have been made; provided, however, that outside counsel of record may keep one copy of each document designated confidential for reference in the event of future disputes such as disputes over the use or dissemination of information designated confidential. Receipt of the returned documents shall be acknowledged in writing by the outside counsel for the producing party. If no written request for the return of such documents is

received by the outside counsel for the receiving party within 90 days after final termination of this litigation, any such documents may be destroyed.

**AGREED TO BY:**

FOR PLAINTIFF:

Roberta Jacobs-Meadway
Lynn Rzonca
Corey Field
BALLARD SPAHR ANDREWS
  & INGERSOLL LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103
Telephone: 215-665-8500

Attorneys for Plaintiff

FOR DEFENDANT:

Philip J. Moy Jr.
Robert V. Vickers
Jude A. Fry
FAY, SHARPE, FAGAN, MINNICH
  & McKEE, LLP
1100 Superior Avenue, Seventh Floor
Cleveland, Ohio 44114-2518
Telephone: 216-861-5582

Christopher A. Rothe
DANN DORFMAN HERRELL AND
  SKILLMAN, P.C.
Suite 2400, 1601 Market Street
Philadelphia, PA  19103
Telephone: 215-563-4100

Attorneys for Defendant

APPROVED AND SO ORDERED this ____ day of _____, 2003

_____
United States District Judge

# ATTACHMENT A
## NON-DISCLOSURE AGREEMENT

I, _____, have read the Stipulated Confidentiality and Protective Order, dated _____, 2003, entered in the action styled *Lawman Armor Corporation v. Winner International, LLC.,* Case No. 2:02-CV-4595-RK on the docket of the U.S. District Court for the Eastern District of Pennsylvania, and agree to comply with the terms thereof. I also consent to personal jurisdiction and venue in the U.S. District Court for the Eastern District of Pennsylvania in any proceeding to enforce the provisions of this Non-Disclosure Agreement.

I will not divulge any information covered by this Order to any person for any purpose, other than that directly associated with my official duties in connection with the instant litigation. Neither will I directly nor indirectly use or allow the use of such information for any purpose other than that directly associated with my official duties in connection with the instant litigation.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information covered by this Order.

Date:_____

Employer: _____

Position: _____

Address: _____

_____

Relationship with party making disclosure: _____

_____

_____

12