IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORPORATION,           :
                                    :
            Plaintiff,              :
                                    :
      v.                            :      Civil Action No. 02-4595
                                    :
WINNER INTERNATIONAL, LLC,          :      Hon. Robert F. Kelly
                                    :
            Defendant.              :
                                    :
                                    :

## **PROPOSED ORDER**

AND NOW, this _____ day of _____, 2003, upon consideration
of the Motion of Plaintiff Lawman Armor Corp. for leave to file a Second Amended Complaint,
it is hereby ORDERED that Plaintiff's motion is GRANTED.

BY THE COURT:

_____
KELLY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORPORATION,  :
:
Plaintiff,  :
:
v.  :     Civil Action No. 02-4595
:
WINNER INTERNATIONAL, LLC,  :     Hon. Robert F. Kelly
:
Defendant.  :
:
:

## PLAINTIFF LAWMAN ARMOR CORP.'S MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a) and 21, Plaintiff Lawman Armor Corp., by its undersigned attorneys, hereby moves this Court for leave to file a Second Amended Complaint adding Winner Holdings Company, James E. Winner Jr., and Karen Winner Hale as additional defendants. A copy of Lawman Armor Corp.'s proposed Second Amended Complaint is attached.

Respectfully submitted,

Roberta Jacobs-Meadway
Lynn E. Rzonca
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Lawman Armor Corporation

Date: September 17, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORPORATION,                    :
                                             :
            Plaintiff,                       :          Civil Action No. 02-4495
                                             :
      v.                                     :          Hon. Robert F. Kelly
                                             :
WINNER INTERNATIONAL, LLC                    :
                                             :
            Defendant.                       :

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a) and 21, Plaintiff Lawman Armor Corporation ("Lawman") hereby moves this Court for leave to file a Second Amended Complaint. The proposed Second Amended Complaint would add three parties to this action: Winner Holdings Company of Sharon, Pennsylvania; James E. Winner Jr.; and Karen Winner Hale.

Winner Holdings Company was formed to oversee and maintain overall administration and operation of Winner International, LLC and other Winner businesses. James E. Winner Jr. is the CEO, Chairman of the Board, and Founder of Winner International, LLC and is Chairman of the Board of Winner Holdings Company.

On information and belief, Karen Winner Hale is Chief Operating Officer of Winner International, LLC and was formerly the Chief Executive Officer during the time the actions leading to the infringement alleged in this suit took place.

On information and belief, both James E. Winner, Jr. and Karen Winner Hale directed and controlled and were involved in the decisions that led to the willful and deliberate infringements alleged in this case.

Leave to amend will be freely given when justice so requires. Fed. R. Civ. P. 15(a). Parties may be added by order of the court at any stage of the action and on such terms as are just. Fed. R. Civ. P. 21. Granting of the motion will not prejudice the Defendant or unduly

delay this case, which is still in the early discovery phase. Lawman respectfully requests that the Motion for Leave to Amend be granted.

## II. PROCEDURAL HISTORY

The cause of action in this case arises under the United States Patent Laws, 35 U.S.C. § 101 et seq.

On July 10, 2002, Lawman filed a Complaint for Patent Infringement against Defendant Winner International, LLC ("Winner") alleging that several steering wheel locking devices sold by Winner infringe Lawman's United States Patent No. D357,621 ("the '621 Patent").

On July 11, 2002, Lawman filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a).

On August 30, 2002, Winner filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, or Alternatively, for Failure to Join an Indispensable Party. Winner's motion unsuccessfully claimed the case should be dismissed because Lawman was not the exclusive licensee of the '621 Patent.

On September 27, 2002, this Court denied Winner's motion.

On October 11, 2002, Winner answered the Amended Complaint, and counterclaimed for a Declaration of Noninfringement, and a Declaration of Invalidity of the '621 Patent.

On the same date, Winner also moved to stay proceedings pending the resolution of Winner's motion to re-open an allegedly live case concerning the '621 Patent between Winner and Keen Tools Corporation in the U.S. District Court for the Southern District of Florida.

On November 5, 2002 this Court Ordered that this case be stayed pending resolution of Winner's Motion to re-open the Florida case.

On April 11, 2003, the Florida court denied Winner's Motion to re-open. On June 4, 2003, this Court lifted the stay, and issued a Scheduling Order setting November 4, 2003 for the close of fact discovery. Subsequently, the parties have begun to conduct discovery.

### III. ARGUMENT

The decision to grant or deny leave to amend a complaint is committed to the sound discretion of the district court. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); <u>Howze v. Jones & Laughlin Steel Corp.</u>, 750 F.2d 1208, 1212 (3d Cir. 1984). Courts are required to allow amendments unless to do so would result in undue prejudice to the other party or undue delay in the judicial process. <u>Foman v. Davis</u>, 371 U.S. 182, 230 (1962); <u>Heyl & Patterson International, Inc. v. F.D. Rich, Inc.</u>, 663 F.2d 419, 425 (3d Cir. 1981).

#### a. Justice Requires that Lawman's Motion be Granted

Pursuant to Fed. R. Civ. P. 21, Lawman's Motion for Leave to Amend adds additional parties to this action "on such terms as are just." On information and belief, Winner Holdings Company was formed in 1996 to oversee and maintain overall administration and operation of Winner International, LLC and other Winner businesses. Lawman therefore has a good faith basis to allege that Winner's acts of intentional and willful infringement occurred under the administrative and operational control of Winner Holdings Company. Any financial liability that Winner may incur in this action, and any damages to which Lawman may be entitled, are therefore under the administration and control of Winner Holdings Company.

Lawman also moves to add as defendants James E. Winner Jr., current CEO of Winner International, LLC, and Chairman of the Board of Winner Holdings Company; and Karen Winner Hale, current COO of Winner International, LLC and former CEO of Winner International, LLC.

On information and belief, in their capacities as the highest-ranking executives of Winner International, LLC, Karen Winner Hale and James E. Winner Jr., played crucial roles in and controlled the actions which led to Winner's decisions to willfully infringe the '621 Patent. Under the doctrine of <u>Donsco, Inc. v. Casper Corp.</u>, 587 F.2d 602 (1978), this supervision and control of Winner's infringing activities creates liability for James E. Winner Jr. and Karen Winner Hale and makes them defendants in this case. <u>Id.</u> (holding that a corporate officer is

3

individually liable for torts they personally commit and holding that a corporation cannot shield an executive who is an actual participant in the tort).

### b. Lawman's Motion Will Not Prejudice Winner

In granting a motion to amend, "the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984).

Here, Winner cannot conceivably be prejudiced if the motion is granted. Discovery in this matter is open for almost two more months. Depositions have not yet been taken of witnesses for either party. Adding Winner's executives as defendants can hardly prejudice Winner, nor can Winner be prejudiced by adding as a party Winner Holdings Company. All parties are central to this action, either as executives involved in the decisions that led to infringement of the '621 Patent, or as the holding company for Winner International, LLC. Because there is no prejudice to Winner, Lawman's Motion to Amend must be granted.

### c. Lawman's Motion Will Not Cause Undue Delay

The parties in this matter are currently engaged in discovery and several depositions have been scheduled. Lawman has moved to amend six weeks before the close of discovery. Any additional discovery required by the addition of the two parties could be accommodated within the allotted time. However, in the interests of fairness, Lawman would request that when this Court grants the Motion to Amend, the Scheduling Order be also amended to allow for reasonable and modest amount of additional time. Such an accommodation would not by any measure constitute undue delay in these circumstances.

## CONCLUSION

Because Courts freely grant motions to amend, and because Lawman's motion will not create prejudice to Winner or undue delay, Lawman's Motion to Amend should be granted.

Respectfully Submitted,

Corey Field

Roberta Jacobs-Meadway
Lynn E. Rzonca
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Lawman Armor Corporation

Date: September 17, 2003

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing Motion to Amend and Memorandum, and the attached Second Amended Complaint were served on the following individuals on this date, as set forth below:

VIA HAND DELIVERY
Christopher A. Rothe
Dann Dorfman Herrell and Skillman, P.C.
Suite 720, 1601 Market Street
Philadelphia, PA 19103

VIA OVERNIGHT MAIL
Robert V. Vickers
Fay, Sharpe, Fagan, Minnich, &McKenn, LLP
1100 Superior Avenue, Seventh Floor
Cleveland, OH 44114

Dated: September 17, 2003                   Corey Field

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORPORATION,                :
                                          :
              Plaintiff,                  :
                                          :
       v.                                 :
                                          :     Civil Action No. 02-4595
WINNER INTERNATIONAL, LLC;                :
WINNER HOLDINGS COMPANY;                  :     Hon. Robert F. Kelly
JAMES E. WINNER, JR.;                     :
KAREN WINNER HALE,                        :
                                          :
              Defendants.                 :

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Lawman Armor Corporation, a Pennsylvania corporation ("Plaintiff"),

brings this action against Defendants Winner International, LLC; Winner Holdings Company;

James E. Winner Jr.; and Karen Winner Hale (collectively "Defendants"), for patent

infringement, and alleges as follows:

### THE PARTIES

1.      Plaintiff is a business with a mailing address of 1434 Sugartown Road,

Berwyn, Pennsylvania 19312.

2.      Upon information and belief, Winner International LLC ("Winner") is a

Pennsylvania limited liability company with a place of business at 32 West State Street, Sharon,

Pennsylvania 16146.  Winner does business in this District and elsewhere.

3.      Upon information and belief, Winner Holdings Company is a business

entity with a place of business at 32 West State Street, Sharon, Pennsylvania 16146.  Winner

Holdings Company oversees and maintains overall administration and operational control over

Winner International LLC.

4.    Upon information and belief, James E. Winner Jr. is the CEO, Chairman of the Board, and Founder of Winner International, LLC and is Chairman of the Board of Winner Holdings Company.

5.    On information and belief, Karen Winner Hale is Chief Operating Officer of Winner International, LLC and was formerly the Chief Executive Officer during the time the actions leading to the infringement alleged in this suit took place.

## JURISDICTION AND VENUE

6.    The cause of action in this case arises under the United States Patent Laws, 35 U.S.C. § 101 et seq.

7.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

8.    Venue in the United States District Court for the Eastern District of Pennsylvania is proper pursuant to 28 U.S.C. § § 1391(b) and 1400.  Winner has sold the device which is the subject of this action in this District and elsewhere.

## PATENT INFRINGEMENT

9.    Plaintiff is the exclusive licensee (including the right to sue for past infringements) under United States Design Patent No. D357,621 (the "621 Patent") pertaining to the field of automobile steering wheel anti-theft devices.  A copy of the '621 Patent is attached hereto as Exhibit A.

10.    The '621 Patent is directed to the sliding hook portion of a vehicle steering wheel locking device, and features an ornamental design for a two-pronged sliding hook for engagement with the rim of the vehicle steering wheel.

2

11.    Lawman Armor Corporation, a Pennsylvania corporation, has an exclusive license to manufacture and sell vehicle steering wheel locking devices incorporating the design of the '621 Patent.

12.    Winner makes, offers for sale, and sells vehicle steering wheel locking devices under the designations "Twin Hooks" and "The Club – Quad Hook System" and other infringing models (the "Infringing Devices").

13.    Defendants' Infringing Devices feature an ornamental design for a two-pronged sliding hook which engages the rim of the vehicle steering wheel.

14.    Defendants, without authority, make, offer to sell, and sell the Infringing Devices which employ Plaintiff's patented invention within the United States and import such devices which employ Plaintiff's patented invention into the United States, thereby infringing Plaintiff's patent.

15.    Defendants' Infringing Devices apply the Plaintiff's patented design or a colorable imitation thereof to articles of manufacture for the purpose of sale, and Defendants sell and offer to sell articles of manufacture to which such design or colorable imitation has been applied.

16.    In the eyes of the ordinary observer, giving such attention as a purchaser usually gives, the Plaintiff's design as shown in the '621 Patent and Defendants' design as shown in the Infringing Devices which are the subject of this action are substantially the same.

17.    At all times relevant hereto, Defendants have had full knowledge of the '621 Patent, and Defendants' manufacture, offer for sale, and sale of the Infringing Devices constitutes willful, deliberate infringing activity.

3

18.    On information and belief, Winner Holdings Company manages, oversees, and maintains overall administration and operation of Winner International. This information is stated in the biography of James E. Winner, Jr. available on the Winner International LLC's Web site at http://www.theclub.com/jewinner.html. A true copy of the web page is attached hereto as Exhibit B.

19.    On information and belief, both James E. Winner, Jr. and Karen Winner Hale directed and controlled and were involved in the decisions that led to the willful and deliberate infringements alleged in this case.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)    enter judgment in favor of Plaintiff and against Defendants for infringement of the '621 Patent;

(b)    permanently enjoin Defendants, their agents, servants, affiliates, employees, and all those in privity with Defendants from engaging in acts of infringement of the '621 Patent;

(c)    order the infringing goods be recalled and/or gathered by Defendants from all retail or wholesale outlets to which Defendants have sold or delivered the goods;

(d)    order the infringing goods be impounded and subsequently be destroyed;

(e)    enter an order directing Defendants to deliver to Plaintiff for destruction all advertisements, circulars, brochures or other promotional or advertising items or materials for Defendants' infringing automobile steering wheel anti-theft devices;

4

(f)     award enhanced damages to Plaintiff adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs as fixed by the Court;

(g)     additionally, award damages to Plaintiff for infringement of Plaintiff's design patent equaling the total extent of Defendants' profits;

(h)     award Plaintiff attorney's fees and costs incurred in connection with bringing this action; and

(i)     award Plaintiff such other and further relief as this Court deems just and equitable.

Roberta Jacobs-Meadway
Lynn E. Rzonca
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Plaintiff
Lawman Armor Corporation

Date: September 17, 2003

5

**EXHIBIT A**



US00D357621S

# United States Patent [19]

## Yang

[11] Patent Number: **Des. 357,621**

[45] Date of Patent: ∗∗ **Apr. 25, 1995**

[54] **SLIDING HOOK PORTION OF A VEHICLE STEERING WHEEL LOCK ASSEMBLY**

[76] Inventor: **Paul Yang**, P.O. Box 82-144, Taipei City, Taiwan, Prov. of China

[∗∗] Term: **14 Years**

[21] Appl. No.: **24,147**

[22] Filed: **Jun. 9, 1994**

[52] U.S. Cl. ...................................................... **D8/343**

[58] Field of Search ................................. D8/330–331, D8/339, 341, 343; 70/207–211, 214–215, 225–226, 237–238, 431; 292/289

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 312,202 | 11/1990 | Wang | D8/341 |
| D. 330,841 | 11/1992 | Shen | D8/331 |
| D. 350,472 | 9/1994 | White et al. | D8/331 |

5,107,692  4/1992  Chen .................................. 70/226 X

*Primary Examiner*—Brian N. Vinson
*Attorney, Agent, or Firm*—Alfred Lei

[57] **CLAIM**

The ornamental design for a sliding hook portion of a vehicle steering wheel lock assembly, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of sliding hook portion of a vehicle steering wheel lock assembly showing my new design;

FIG. 2 is a front side elevational view thereof;

FIG. 3 is a rear side elevational view thereof;

FIG. 4 is a left view thereof;

FIG. 5 is a right view thereof;

FIG. 6 is a top plan view thereof; and,

FIG. 7 is a bottom plan view thereof.



**U.S. Patent**     Apr. 25, 1995     Sheet 1 of 6     **Des. 357,621**



FIG. 1

Case 2:02-cv-04595-RK    Document 33    Filed 09/17/2003    Page 17 of 24



F I G . 3



F I G . 2



F I G. 4

**U.S. Patent**    Apr. 25, 1995    Sheet 4 of 6    **Des. 357,621**



F I G. 5



F I G.  6

U.S. Patent    Apr. 25, 1995    Sheet 6 of 6    Des. 357,621



F I G. 7

**EXHIBIT B**

 


www.theclub.com

| Home | Products | Company | News | Crime Statistics | Safety & Security Tips | International | Contact Us |



**James E. Winner, Jr.**

Chairman of the Board and
Founder

Spending his childhood working at his family's dairy farm in Transfer, Pennsylvania, James E. Winner Jr. realized his goals in life early on.

"By the time I was 13, I knew that I didn't want to farm," said Winner, Founder/Chairman of Winner International, a successful consumer products company.

Dating back to 1955 when he left Westinghouse Electric Corporation and embarked on new business ventures and product inventions, Winner's entrepreneurial skills emerged. Winner became a partner in a chemical company in Cleveland, Ohio, and was an early investor in Sensormatic Electronics; an electronic shoplifting deterrent system (plastic tags on clothing that activate an alarm when removed from store premises). He handled the initial marketing of the electronic anti-shoplifting system which was later implemented in apparel stores in both Delaware and Pennsylvania.

Based on the concept - if you can't steer it, you can't steal it™ - Winner began marketing The Club® after his Cadillac was stolen despite its factory installed alarm.

"When I was in the Army and stationed in Korea," said Winner, "I used to secure a chain around the steering wheel of my vehicle to prevent it from being stolen."

With the development of The Club® vehicle anti-theft device, Winner International was formed and incorporated in 1986. The corporate mission - as a team of dedicated employees, we will serve our customers and community with fairness and integrity and be the world leader in providing innovative, quality, security and safety products.

In marketing The Club®, Winner International created a totally new class of automotive aftermarket security devices. The Club® is the original patented vehicle steering wheel lock and the No. 1 selling mechanical anti-theft device for cars and trucks worldwide.

*Advertising Age* selected The Club® as one of its Marketing 100 in 1993 - recognizing today's hottest brands. The same year The Club® received the American Marketing Association's Best New Products Award. *Consumer's Digest* featured The Club® in 1995 and again in 1997 as a "Best Buy" in automotive security products.

In addition to Winner International, Winner owns and operates The Radisson in Shenango Township, Pennsylvania, and Tiffany's, a banquet hall facility in Brookfield, OH. The hotel and banquet center are managed by Winner Hotel Group. The same hotel group, based in Sharon, Pennsylvania, owns five additional hotel properties nationwide and manages other non-owned hotel properties.

Winner is Chairman of the Board of Winner Holdings Company which was formed in 1996 to oversee and maintain overall administration and operation of Winner International and other Winner businesses. These businesses include Winner Aviation, the private flight side of the Youngstown-Warren Regional Airport, Youngstown, Ohio; Guardian Industries in Phoenix, Arizona, a manufacturer of personal defense spray; Security World, security stores in Florida, and Tara, a country inn located in Clark, PA.

In the Sharon, Pennsylvania area, Winner and his family created and own the following Winner Holdings managed businesses: The Winner, a women's off-price fashion store, Winner Institute of Arts & Sciences, a culinary school, The Vocal Group Hall of Fame & Museum, a museum to display vocal group history and memorabilia, Buhl Mansion, an upscale inn, day spa and art gallery, and Winner Steel, an advanced galvanizing facility.

Through Winner International and the variety of other businesses, Winner has been able to make a difference in his community.

All profits from the ladies' clothing store go to local charitable organizations that give food and clothing to needy families, as well as into a fund that provides scholarship money to students in the Shenango Valley.

"We have special projects each year that are supported by profits from The Winner," said Winner, "and I will continue to donate profits from the store to fund local charities and programs."

In and around Winner's hometown, his various family-owned enterprises provide jobs - and career opportunities - for more than 500 employees throughout the Shenango Valley.

Winner has been recognized for both his personal, as well as professional achievements. He received The Merrill Lynch and Ernst & Young "Entrepreneur of the Year" Award in 1992 and The Shenango Valley Pennsylvania Chamber of Commerce "Person of the Year" Award in 1994. In 1995, he received a Doctor of Law Honorary Degree from Slippery Rock University, Slippery Rock, PA. Rotary International honored Winner in 1997; he received the Paul Harris Fellowship Award. The same year, he received the Distinguished Citizen Award from the French Creek Council Boy Scouts of America and the Distinguished Citizen Award from Slippery Rock University.

© 2002 Winner International Royalty LLC.  All Rights Reserved.  Terms of Use