IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWMAN ARMOR CORPORATION, | : | |
| Plaintiff, | : | Case No. 2:02-CV-04595-RK |
| v. | : | Judge Robert Kelly |
| WINNER INTERNATIONAL, LLC, | : | |
| Defendant. | : | |

## DECLARATION OF KEVIN WINNER

Being duly sworn, I, Kevin Winner, hereby state as follows:

1. I am President of Import Management Corporation, located at 3581 East State Street, Hermitage, Pennsylvania 16148.

2. I am providing this declaration at the request of attorneys for the defendant in the captioned action (hereinafter referred to as "Winner") to provide certain information to the Court in support of Winner's motion for summary judgment of non-infringement.

3. As President of Import Management Corporation and in prior employment, I have been responsible for the foreign sourcing of products for Winner, specifically including Winner's steering-wheel-mounted anti-theft products, for over ten years. I am personally familiar with the products sold by Winner under the Double Hooks designation.

4. I have reviewed the Declaration of Gary M. Clifford executed on August 6, 2003 and the photographs attached as exhibits to the Clifford Declaration.

5. I recognize the products depicted in Exhibits A and B of the Clifford Declaration as the current version of Winner's Double Hooks product. This version of the Double Hooks product has been on sale in the United States for approximately three years.

6. I recognize the products depicted in Exhibits C and D of the Clifford Declaration as the original version of Winner's Double Hooks product.

7. The current version of Winner's Double Hooks product differs from the original version in having a greater lateral width between the paired end hooks. The increased width was implemented to permit the device to be used on steering wheels having wider spokes.

8. The two-hook configuration of the current version of Winner's Double Hooks product has the same shape as the two-hook configuration used on anti-theft products sold in the United States by Winner under the designations Dr. Hook, Twin Hooks, and Quad Hook System, as well as products sold in Canada under the De-Vice designation.

9. I recognize the components depicted in Exhibit E of the Clifford Declaration as the grooved rod and two-hook rim-engaging member used to form the sliding hook portion of the current version of Winner's Double Hooks anti-theft products and the other products mentioned in paragraph 8 of this declaration. I arranged for shipment of these components to Winner's attorneys from a Winner supplier.

10. The sliding hook portion of Winner's products is formed by welding the curved rim-engaging component to the rod component and then covering the rim-engaging component and the adjacent end of the rod with a plastic coating. In the current form of Winner's products (shown in Exhibits A and B of the Clifford Declaration), the portion of the rim-engaging component termed the "overlay segment" in the Clifford Declaration lies in a plane that forms an

angle of about 45° with the rod component. For the original Double Hooks product shown in Exhibits C and D of the Clifford Declaration, that angle was approximately 60°.

11. I have reviewed the photographs of the modified sliding hook portion in Exhibits F-H of the Clifford Declaration. In my view, if the sliding hook portion of Winner's two-hook anti-theft products were to be manufactured as shown in those photographs, with the plane of the "overlay segment" parallel to the rod, the reliability of the products would be greatly diminished. The side view of Exhibit H of the Clifford Declaration shows that the modified sliding hook portion would provide minimal interference if a potential thief were to attempt to pull the rim-engaging member off of the steering wheel rim of most contemporary automobiles, as such rims are relatively flexible. As seen in Exhibits B and D of the Clifford Declaration, the rim-engaging member of the sliding hook portion of Winner's actual products provides substantially greater interference with the steering wheel rim. When used on a typical automotive steering wheel, the ends of the hooks for Winner's actual products extend radially beyond the outer edge of the steering wheel rim so that the rim would need to be stretched beyond its entire thickness to force the device off the rim. If a product were made to match the appearance of the modified product shown in Exhibits F-H of the Clifford Declaration, the hook ends probably would not extend beyond the center of the typical steering wheel rim, so that a thief could pull the product off a typical steering wheel rim using only a moderate amount of force.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed by me on September 11, 2003, at Hermitage, Pennsylvania.

_____
Kevin Winner

-3-