IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWMAN ARMOR CORPORATION, | : |
| Plaintiff, | : Case No. 2:02-CV-04595-RK |
| v. | : Judge Robert Kelly |
| WINNER INTERNATIONAL, LLC, | : |
| Defendant. | : |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant, Winner International, Inc. (f/k/a Winner International, LLC), submits this memorandum in opposition to the motion by plaintiff, Lawman Armor Corporation, for leave to file a second amended complaint[1] that would add three new defendants to this action and retain Winner International, LLC as the first-named defendant. As Lawman's Proposed Complaint would be subject to dismissal with respect to the newly named parties and would perpetuate a defect in naming the original defendant, the motion should be denied.

I. **Leave to Amend Should Be Denied When
Granting the Motion Would Be Futile**

Lawman correctly states the general rule that leave to amend "should be freely granted when justice so requires." Fed. R. Civ. P. 15(a). The Third Circuit has cautioned, however, that there are limits on the policy favoring amendment. *Dole v. ARCO Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990) ("The policy favoring liberal amendment of pleadings is not, however, unbounded.").

---

[1] The proposed complaint, entitled Second Amended Complaint for Patent Infringement, shall be referred to and cited as "Lawman's Proposed Complaint" in this memorandum.

One clearly recognized exception to the general rule occurs when the proposed amendment would be *futile*. *Id.* (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). An example of such futility is an amended complaint that would not survive a motion to dismiss. *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir. 1983); *Williams v. Philadelphia Housing Authority,* 826 F. Supp. 952, 953-54 (E.D. Pa. 1993). Similarly futile is an amendment that would not survive a motion for summary judgment. *Wilson v. American Trans Air, Inc.,* 874 F.2d 386, 392 (7th Cir. 1989).

As will be shown below, granting Lawman's motion to file its proposed second amended complaint would be an act of futility, as it would be subject to adverse summary judgment or dismissal for improper venue with respect to each of the proposed new defendants.

## II.     "Winner Holdings Company"

One of the new parties Lawman seeks to add as a defendant in its proposed second amended complaint is a business entity identified as "Winner Holdings Company," which Lawman asserts has a place of business in Sharon, Pennsylvania and "oversees and maintains overall administrative and operational control over Winner International LLC." Lawman's Proposed Complaint, para. 3. Apparently, the basis for this allegation is a statement on a page of the Winner International Web site obtainable at http://theclub.com/jewinner.html. This Web page states that "Winner Holdings Company . . . was formed in 1996 to oversee and maintain overall administration and operation of Winner International and other Winner businesses." *Id.* Exh. B.

Submitted with this opposition memorandum is the Declaration of John F. Hornbostel Jr., Vice President, General Counsel and Secretary of both Winner International, Inc. and its predecessor Winner International, LLC, the named defendant in this action. Mr. Hornbostel

states that the entity identified as "Winner Holdings Company" in the Web page appended to Lawman's Proposed Complaint was actually Winner Holding Corporation, a Delaware corporation that was merged into Winner Holding LLC, a Delaware limited liability company, on September 28, 1998, with Winner Holding LLC surviving. Hornbostel Decl., para. 7. Mr. Hornbostel acknowledges that the "Winner Holding" entities initially operated as an umbrella company for a number of Winner companies. *Id.*, para. 9. He states, however, that "Winner Holding LLC has not engaged in overseeing or maintaining the administration or operation of Winner International (either LLC or Inc.) for at least three years." *Id.* Moreover, Mr. Hornbostel states that neither "Winner Holding" entity has ever engaged in manufacturing, importing, or selling any vehicle anti-theft products. *Id.*, para. 10.

The company identified as "Winner Holdings Company" in Lawman's Proposed Complaint therefore has not engaged in any activities that would support a claim for patent infringement in this action. Lawman's claims against this proposed defendant thus would be subject to summary judgment in favor of the defendant.

Moreover, the claims against "Winner Holdings Company" would likely be subject to dismissal for improper venue. Venue in a patent infringement action is governed by a statute that limits venue to judicial districts where the defendant either (a) resides or (b) has a regular and established place of business and has committed acts of alleged infringement. 28 U.S.C. § 1400(b). Residence for a corporate defendant under Section 1400(b) lies in any judicial district where the corporation would be subject to personal jurisdiction if that district were a separate State. 28 U.S.C. § 1391(b). As the place of business for both Winner Holding Corporation and Winner Holding LLC is in Sharon, Pennsylvania, Hornbostel Decl., para. 7, and as neither

engaged in infringing activities in any district, *id.,* para. 10, venue likely would lie only in the Western District of Pennsylvania, where Sharon is located.

Interestingly, the only statement in Lawman's Proposed Complaint that appears calculated to support venue in this district is the allegation that Winner International, LLC sold the product accused of infringement in the Eastern District of Pennsylvania. *See* Lawman's Proposed Complaint, para. 8. There are no allegations of activities by "Winner Holdings Company" that are connected to this forum.

### III. James E. Winner Jr. and Karen Winner Hale

In addition to "Winner Holdings Company," Lawman's Proposed Complaint seeks to add as defendants two individuals: James E. Winner Jr. and Karen Winner Hale. Mr. Winner is the Chairman and Chief Executive Officer of Winner International, Inc., and Ms. Hale is the Chief Operating Officer of Winner International, Inc. Mr. Winner was Chairman and Ms. Hale the Chief Executive Officer of Winner International, LLC prior to that company's merger into Winner International, Inc.

The same restrictive patent venue statute that applies to corporate defendants applies to Mr. Winner and Ms. Hale. They can be sued for patent infringement only where they (a) reside or (b) have a regular and established place of business and have committed acts of alleged infringement. 28 U.S.C. § 1400(b). As individuals, however, their ***residence*** has its traditional meaning—their place of domicile. The provisions of 28 U.S.C. § 1391(b), which defines ***corporate*** residence for venue purposes as being based on basic principals of personal jurisdiction, do not apply to individuals accused of patent infringement. *See VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1580 n.17 (Fed. Cir. 1990).

As set forth in the Hornbostel Declaration, neither Mr. Winner nor Ms. Hale has a residence within the territory of the Eastern District of Pennsylvania, and neither has a regular and established place of business within this judicial district. Hornbostel Decl., para. 2. Accordingly, Lawman's Proposed Complaint would be subject to dismissal against them for improper venue irrespective of whether and where they might have engaged in allegedly infringing activities. Lawman's motion for leave to amend its complaint, if granted, clearly would be futile as to the proposed individual defendants. Therefore, the motion should be denied.

### IV. Lawman's Proposed Complaint Does Not Allege Conduct that Would Support Piercing the Corporate Veil of Winner International

Defendant acknowledges that, under certain circumstances, the principles governing venue for a corporation can be applied to an individual corporate officer. *See Hoover Group, Inc. v. Custom Metalcraft, Inc.,* 84 F.3d 1408, 1410-11 (Fed. Cir. 1996). Such circumstances, however, are limited to situations in which there is a basis for piercing the corporate veil. *See CVI/Beta Ventures, Inc. v. Tura LP,* 905 F. Supp. 1171, 1200-01 (E.D.N.Y. 1995), *rev'd on other grounds,* 112 F.3d 1146 (Fed. Cir. 1997).

In Pennsylvania, there is a strong presumption against piercing the corporate veil. *Ziegler v. Delaware County Daily Times,* 128 F. Supp. 2d 790, 795 (E.D. Pa. 2001). Where a plaintiff seeks to pierce the veil to attach liability to a corporation's controlling owners or officers, the plaintiff must show such the presence of such factors as "intermingling of personal and corporate affairs, undercapitalization, failure to adhere to corporate formalities, or using the corporate form to perpetrate a fraud." *Id.*

No such allegations are present in Lawman's Proposed Complaint. Paragraphs 4 and 5 merely allege that Mr. Winner and Ms. Hale held certain corporate offices. Moreover, the

statements in Lawman's supporting memorandum to the effect that their alleged supervision and control of their corporation's alleged infringing activities provides a basis for their individual liability are dead wrong. Under the controlling case law enunciated by the Federal Circuit, a corporate officer cannot be held personally liable for a corporation's actions of patent infringement unless the evidence justifies piercing the corporate veil. *Al-Site Corp. v. VSI International, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999); *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544, 552-53 (Fed. Cir. 1990).

A corporate officer *can* have liability for inducing a corporation's infringement, *Manville*, 917 F.2d at 553-54, but neither Lawman's Proposed Complaint nor the memorandum filed in support of the motion for leave to amend ever mentions inducement. Moreover, if Lawman actually was seeking to add Mr. Winner and Ms. Hale as defendants for alleged inducing activities, those allegations would be directed to their conduct as individuals, and the venue statute necessarily would be applied to them as individuals, not as alter egos of a corporation.

No matter how one analyzes the situation, Lawman has failed to establish a basis for subjecting Mr. Winner and Ms. Hale to venue in this district. Accordingly, Lawman's motion for leave to amend its complaint should be denied as futile.

### V. Lawman's Proposed Complaint Fails to Address the One Issue that Would Provide Grounds for Amendment

Ironically, Lawman's Proposed Complaint does not deal with the one matter for which amendment is warranted. Winner International, LLC—so far the sole named defendant in this action—no longer exists. As noted by Mr. Hornbostel, it was merged into a subsidiary of Winner International, Inc. in May 2002 and did not survive the merger. Hornbostel Decl., para. 3. As a result of the merger, Winner International, Inc. assumed the liabilities of Winner

International, LLC and continues to operate the business formerly conducted by Winner International, LLC. *Id.,* para. 4. Accordingly, if Lawman's motion for leave to amend were granted and Lawman's Proposed Complaint were filed, not only would there be improper venue over the newly named parties, but this case would continue forward with the wrongly named primary defendant. This clearly is not a situation in which the proposed amendment is one that justice requires.

### VI.     Conclusion

For the reasons set forth above, defendant, Winner International, Inc. (f/k/a Winner International, LLC), submits that Lawman's motion for leave to amend its complaint should be denied.

Respectfully submitted,

Date: September 30, 2003

_____
Philip J. Moy Jr.
pmoy@faysharpe.com
Robert V. Vickers
Jude A. Fry
Fay, Sharpe, Fagan, Minnich & McKee, LLP
1100 Superior Avenue, Seventh Floor
Cleveland, Ohio 44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666

Christopher A. Rothe
crothe@ddhs.com
Attorney I.D. No. 84,023
Dann Dorfman Herrell and Skillman, P.C.
1601 Market Street, Suite 2400
Philadelphia, PA 19103-2307
Telephone: 215-563-4100
Facsimile: 215-563-4044

Attorneys for Defendant
Winner International, Inc.

- 8 -

## CERTIFICATE OF SERVICE

    I hereby certify that on September 30, 2003, a copy of the foregoing **DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT** and a copy of the **DECLARATION OF JOHN F. HORNBOSTEL JR.** were served on plaintiff's counsel via Federal Express overnight courier addressed to Roberta Jacobs-Meadway, Esquire, Ballard, Spahr Andrews & Ingersoll, LLP, 1735 Market Street, 51st Floor, Philadelphia, PA 19103.

_____
Philip J. Moy Jr.
Fay, Sharpe, Fagan, Minnich & McKee, LLP
1100 Superior Avenue, Seventh Floor
Cleveland, Ohio 44114-2579
Telephone: 216-861-5582
Facsimile: 216-241-1666

- 8 -