IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWMAN ARMOR CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 02-CV-4595 |
| v. | ) | |
| | ) | The Honorable Robert F. Kelly |
| WINNER INTERNATIONAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROPOSED ORDER

AND NOW, upon consideration of Winner International, LLC's Motion for Summary

Judgment of Non-Infringement and Lawman Armor Corporation's Opposition thereto, it is

HEREBY ORDERED that the Motion is DENIED.

_____

Kelly, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORPORATION,    )
    )
    Plaintiff,    )
    )
    v.    )    **The Honorable Robert F. Kelly**
    )    **Civil Action No. 02-CV-4595**
WINNER INTERNATIONAL, LLC,    )
    )
    Defendant.    )

## LAWMAN ARMOR CORP.'S OPPOSITION TO WINNER INTERNATIONAL LLC'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

Only midway through fact discovery, and months prior to this Court's deadline for exchanging expert reports, Winner has filed a motion for summary judgment of non-infringement, claiming that its accused products do not infringe the patent at issue, U.S. Design Patent No. 357,621. The '621 Patent covers the sliding arm of a steering wheel lock. Here is Figure 1 of the Patent compared to the accused Winner products:



**Winner Double Hooks**           **Winner Twin Hooks**           **Winner Quad Lock**

        

Winner's motion should be denied for two reasons. First, the Motion should be denied because it is premature. Fact discovery is still in progress. Only one deposition has been taken and no

expert reports have been served. By this Court's scheduling Order, the deadline for dispositive motions is not until January 2004. As indicated by that Order, and consistent with Supreme Court and Third Circuit law, the factual record should be complete before the Court is asked to devote its resources to deciding whether Winner's products infringe the '621 Patent.

Second, the Motion should be denied because even the limited factual record that exists shows that disputed issues of material fact preclude summary judgment for Winner. Among the fact issues are the nature of the points of novelty of the '621 Patent and the substantial similarity between Winner's products and the design shown in the '621 Patent. Indeed, the limited record establishes that Lawman will likely succeed in establishing infringement at trial.

As established in this Opposition, Lawman is entitled to a trial on the merits as to whether the Winner products infringe the '621 Patent. The motion for summary judgment accordingly should be denied.

## BACKGROUND

This is an action for infringement of United States Design Patent No. 357,621. The '621 Patent covers an ornamental design for a two-pronged sliding hook portion of a vehicle steering wheel lock assembly. A copy of the '621 Patent is attached as Ex. A. Lawman holds the exclusive license to manufacture and sell steering wheel locks incorporating the design of the '621 Patent.

Winner also sells steering wheel locking devices. As revealed in discovery so far, those products are called "Twin Hooks," "Double Hooks" (formerly known as "Dr. Hooks"), "The Club – Quad Hook System," and the "De-Vice" (the "Winner Locks"). The Winner Locks feature an ornamental design for a two-pronged, sliding arm.

2

On June 4, 2003, this Court ordered the parties to complete fact discovery by November 4, 2003 and to exchange expert reports by January 5, 2004. Dispositive motions are to be filed by January 19, 2004.

## ARGUMENT

**I. The Motion For Summary Judgment is Premature.**
**The Law Requires That There Be Adequate Time for Discovery Before**
**Summary Judgment is Addressed.**

Unless a party has had a "full opportunity to conduct discovery," it may not be "railroaded" by a premature motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Supreme Court has also made clear that "adequate time for discovery" must precede any entry of summary judgment. Id. at 322. The Federal Rules of Civil Procedure state that summary judgment does not precede discovery—it follows it, based on the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Fed. R. Civ. P. 56(c).

Courts in the Eastern District of Pennsylvania also recognize that a plaintiff should not be railroaded by a premature motion for summary judgment. See Silfa v. Meridian Bank, No. Civ. A. 98-4293, 1999 WL 199851, at *3 (E.D. Pa. Apr. 8, 1999) (quoting Celotex Corp., 477 U.S. at 326). The leading treatises on civil procedure concur: summary judgment litigants should have an opportunity to fully develop evidence on the issues before presenting such issues to the court. See Moore's Federal Practice, § 56.30[3][b] (3d ed. 2002).

In this case, there has not been adequate time for discovery. Fact discovery is ongoing and closes on November 4, 2003. Expert reports are not even due for another two months. Several important depositions, including those of high-ranking Winner executives, are scheduled but have not yet been taken. In order to refute Winner's allegations, Lawman needs the

opportunity to obtain the expert reports in this matter and to obtain facts concerning the origins

of and the reasons for specific design elements used in the accused products manufactured by

Winner. Lawman also needs to conduct the scheduled depositions of key Winner executives in

order to discover the facts establishing Winner's willful infringement of the '621 Patent. Thus,

Winner's motion should be denied as premature.

The motion should also be denied because it is unfounded. As established in this

Opposition, there are material issues of fact which preclude grant of the motion for summary

judgment.

## II.  The Summary Judgment Standard

The Court can grant summary judgment only if it finds that there is no genuine issue as to

any material fact. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986). A material fact is one that might affect the outcome of the suit under the governing law.

Anderson v. Liberty Lobby, 477 U.S. at 248. If any facts in dispute in this case would impact its

outcome under applicable patent law, summary judgment would be improper. See id. For

purposes of this motion, the evidence presented by Lawman must be accepted as true, and the

Court must construe all facts and justifiable inferences in Lawman's favor. See id. at 255;

United States v. Diebold, Inc., 369 U.S. 654, 655 (1961). In this Circuit, summary judgment

"will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." See Williams v. Borough of

West Chester, 891 F.2d 458, 459 (3d Cir. 1990) (citation omitted).

On a motion for summary judgment, this Court therefore does not have to decide if

Winner's allegations concerning the facts in this case would prevail at trial. The Court need only

determine whether genuine issues of material fact exist in this case.

**III. Genuine Issues of Material Fact Preclude Summary Judgment Under
the _Ordinary Observer Test_ and Under the _Point of Novelty Test._**

Even if Winner's motion were not premature, it still would fail because it does not meet

the legal standard requiring that there be no genuine issue as to any material fact. See White v.

Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988).

Determining whether a design patent is infringed involves a two-step analysis. First, the

Court construes the scope of the design patent's claim. See Markman v. Westview Instruments,

Inc., 52 F.3d 967, 981 (Fed. Cir. 1995); Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed.

Cir. 1995). Second, based on that claim construction, the fact finder applies two tests: the

Ordinary Observer test determines whether substantial similarity between the patent and the

accused device exists, and the Point of Novelty test determines whether the accused device

appropriates the elements of the patent that distinguish it from the prior art.

    **A.**    **Winner's Products Infringe Under the Ordinary Observer Test**

Under the Ordinary Observer test, the fact finder determines whether "in the eye of an

ordinary observer giving such attention as a purchaser usually gives, [the] two designs are

substantially the same [and] the resemblance is such as to deceive such an observer, inducing

him to purchase one supposing it to be the other." Gorham v. White, 81 U.S. (14 Wall.) at 528

(1871), quoted in Avia Group Int'l, Inc. v. L.A. Gear California, Inc., 853 F.2d 1557, 1565 (Fed.

Cir. 1988). When the fact finder conducts the Ordinary Observer test, it must compare the

patented design to the accused product. The patented design must be viewed "in its entirety, as it

is claimed." L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1125 (Fed. Cir. 1993).

### 1. The Standard is Substantial Similarity, Not Identical Appearance.

The '621 Patent and Winner's accused devices need not be "identical" for infringement to exist. Design patent infringement under the ordinary observer test "can be found for a design that is not identical to the patented design." Braun Inc. v. Dynamics Corp. of America, 975 F.2d 815, 820 (Fed. Cir. 1992). Identical appearance is not the required standard. The standard for finding infringement is met here, where it is immediately apparent that an ordinary observer giving such attention as a purchaser usually gives would view the Winner devices to be substantially the same as the '621 Patent.

### 2. Winner's Argument Relies On Improper Edits of the '621 Patent.

Winner's analysis of Ordinary Observer test is flawed for several reasons. In construing the '621 Patent, Winner reaches the erroneous conclusion that only selected portions of the '621 Patent should be used in the Ordinary Observer test. That is not the law. The law is that a design patent must be viewed in its entirety. L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1125 (Fed. Cir. 1993). The following examples show how Winner, in presenting its discussion of the Ordinary Observer test, improperly excerpted and failed to consider the entire '621 Patent as it is claimed. Because Winner's analysis is based on an improper premise, it fails.

Here is Figure 4 of the '621 Patent as Winner heavily edited it and presented it in the section of its motion dealing with the Ordinary Observer test. (Mot. at 11-13, 18.) Next to it is an unedited depiction of the actual Figure 4 of the '621 Patent:

6

**Winner's "Edit" of Fig. 4**    **Actual Figure From '621 Patent**



Fig. 4 of the
'621 Design Patent



U.S. Patent    Apr. 25, 1995    Sheet 3 of 6    Des. 357,621

F I G. 4

Winner also made heavy edits to Figure 6 of the Patent. Here is a comparison of how Winner presented Figure 6 in its Motion and used it as a basis for its discussion of the Ordinary Observer test. (Mot. at 11, 13-18.) Next to it is shown an unedited copy of Figure 6 as it actually appears in the '621 Patent:

**Winner's "Edit" of Fig. 6**    **Actual Figure From '621 Patent**



U.S. Patent    Apr. 25, 1995    Sheet 5 of 6    Des. 357,621



Fig. 6 of the
'621 Design Patent



F I G. 6

7

Winner's Motion not only edits and distorts figures from the '621 Patent, it applies the same distorting edits to photos of the accused products. (Winner Mot. at 11-13, 18.) It also attempts to distinguish between "original" and "current" Winner Locks. The distinction is irrelevant: all of Winner's devices that feature a two-prong hook are infringing, and Lawman is entitled to relief and damages with respect to all infringing products that Winner has ever sold.

Winner's manipulation of the Figures that make up the '621 Patent and depictions of its own products render its arguments about the Ordinary Observer test factually invalid and legally meaningless.

> **3. Exhibits B, C, and D to this Opposition Show a Proper Application of the Ordinary Observer Test.**
> **They Show that the Winner Locks are Substantially Similar to the '621 Design.**

Properly applied, the Ordinary Observer test compares the accused devices with the patent at issue. To illustrate the correct test, attached as Exhibits B, C, and D are photo comparisons of the '621 Patent in its entirety, juxtaposed with photographs of three of the accused Winner devices in their entireties. Exhibit B compares the Patent with Winner's Club Quad Lock System; Exhibit C compares the Patent with Winner's Double Hooks product; and Exhibit D compares the Patent with Winner's Twin Hooks product.[1]

Exhibits B, C, and D show that in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Winner products is substantially the same as the design of the '621 Patent. Far from supporting Winner's claim of entitlement to summary judgment, they show that Lawman is likely to succeed at trial in establishing infringement.

---

[1]  Attached as Ex. E. is the Declaration of the photographer, James Shelley.

### 4. Professor Martin Skalski Agrees That the Winner Products Are Substantially Similar to the '621 Patent.

Lawman also submits herewith as Exhibit F the Declaration of Professor Martin Skalski. Professor Skalski is a professor of Industrial Design at the prestigious Pratt Institute in New York. Professor Skalski examined the '621 Patent and the relevant prior art. He then examined the accused Winner Locks. Professor Skalski concludes that under the Ordinary Observer test, Winner's locks are substantially similar to the design of the '621 Patent. (Ex. F.)

Professor Skalski's opinion is further evidence of a material fact issue in this case that cannot be decided on summary judgment. Lawman is entitled to present such evidence at a trial on its infringement claims.

### B. The Winner Locks Appropriate the Points of Novelty in the '621 Patent.

In determining infringement, after the fact finder has applied the Ordinary Observer test, it must apply the Point of Novelty test. Under that test, the fact finder determines whether the accused infringing design appropriates the point or points of novelty in the patented design that distinguish it from the prior art. Avia Group Int'l, Inc. v. L.A. Gear California, Inc., 853 F.2d 1557, 1565 (Fed. Cir. 1988). Determining the point of novelty in a design patent is a highly fact-dependent inquiry.

As with the Ordinary Observer test, Winner misapplies the Point of Novelty test. In Winner's view, all a defendant needs to do is show a patent in the same general field of the patented design to negate a point of novelty. Thus Winner believes it is sufficient simply to submit the declaration of its attorney, Mr. Moy, attaching patents in the general field of steering wheel locks.

The point of novelty test is not so conclusory. The test requires a factual assessment of what is revealed by any relevant prior art, and a comparison with the patented design so that the factfinder can assess whether any prior patents in fact disclose the same design elements comprising the point of novelty of the patented design.

### 1. The Points of Novelty of the '621 Patent

Lawman is entitled to establish at trial the points of novelty of the '621 Patent. Lawman will show that those points of novelty include a sliding arm of a steering wheel locking device that includes a shaft with 2 hooks attached at approximately one end of the shaft. The hooks are curved, have the same profile, are symmetrical to one another, and are generally shaped like the letter "C." The open ends of the hooks face outward from the shaft. The shaft attaches to the hooks at or about the top portions of the hooks, approximately midway between the two hooks. The shaft includes a pattern of ridges. The shaft increases in diameter at the end of the shaft attached to the hooks, with the diameter increasing at a point just prior to the point of attachment of the hooks to the shaft. The shaft is generally circular at the point where it attaches to the hooks. The hooks are approximately 20-25% of the length of the shaft.

These points of novelty are established, for purposes of this Opposition to Winner's Motion, by the Declaration of Professor Martin Skalski, who reviewed the '621 Patent and the relevant prior art in reaching his conclusion on this point. (Ex. F.) This evidence raises a genuine issue of fact as to the points of novelty, and Lawman is entitled to present this evidence at trial.

### 2. The Patents Winner Cites Do Not Narrow the '621 Points of Novelty.

The patents that Winner cites on the point of novelty issue do not support its conclusion that the '621 points of novelty are narrow. At a minimum, they raise a genuine issue of fact that

must be decided at trial.

For example, and by way of example only, Patent No. 5,107,692 issued to Chen does not disclose a double hook, or a shaft attached to the tops of symmetrical double hooks. Nor do Patents 5,031,428 or 5,042,278 disclose these features. Patent No. 5,197,308 and No. 5,299,438 bear little if any resemblance to the '621 Patent, and therefore also do not limit the points of novelty of the '621 Patent. If anything, the patents in the Moy Declaration confirm just the opposite: when compared to the inelegant designs of earlier steering wheel locks, the '621 Patent stands out as being unique in its individual elements **and** in the way they appear in combination.[2] The unique design of the '621 Patent when compared to the prior art is precisely why Winner willfully chose to infringe the '621 Patent and to appropriate its distinctive appearance, leading to the present litigation.

### 3. The Winner Locks Appropriate the Points of Novelty of the '621 Patent.

Under the test of Avia Group Int'l v. L.A. Gear California, Inc., the "whole general appearance" of the Winner devices infringe the '621 Patent because the Winner devices include all the points of novelty of the '621 Patent. As demonstrated in photographic Exhibits B, C, and D, the following points of novelty of the '621 Patent are all found in the Winner devices:

- A sliding arm of a steering wheel locking device that includes a shaft with 2 hooks attached at approximately one end of the shaft.

- The hooks are curved, have the same profile, are symmetrical to one another, and are generally shaped like the letter "C."

- The open ends of the hooks face outward from the shaft.

---

[2] The remainder of the patents in the Moy Declaration, and the statements in the Kevin Winner Declaration about minor changes to the Winner products, similarly fail to show any limits on the points of novelty in the '621 Patent.

- The shaft attaches to the hooks at or about the top portions of the hooks, approximately midway between the two hooks.

- The shaft includes a pattern of ridges.

- The shaft increases in diameter at the end of the shaft attached to the hooks, with the diameter increasing at a point just prior to the point of attachment of the hooks to the shaft.

- The shaft is generally circular at the point where it attaches to the hooks.

- The hooks are approximately 20-25% of the length of the shaft.

*This evidence, too, establishes that Lawman is likely to succeed at trial on its infringement claim,* so that Winner is not entitled to summary judgment.

## IV.  Winner's Patent Construction is Flawed

In an attempt to characterize certain elements of the '621 Patent as functional and therefore to be "disregarded" in the application of the Ordinary Observer test and the Point of Novelty test, and to reduce the '621 Patent to less than the sum of its parts, Winner contends that the '621 Patent is dictated by functional considerations, stating that the '621 design "is directed to a useful article, not a purely ornamental design," and that "the overall appearance of the *product shown in the '621 design patent is dictated by the purpose of the article – to preclude* easy removal of the locking device from a steering wheel."  (Mot. at 4, 7.)

Design patents, however, are directed to the ornamental features of useful articles. Winner thus fails to acknowledge the legal distinction between the functionality of an article and *the design or features thereof.  Were there not such a distinction, "it would not be possible to* obtain a design patent on a utilitarian article of manufacture."  <u>Avia Group Int'l, Inc. v. L.A. Gear California, Inc.</u>, 853 F.2d 1557, 1565 (Fed. Cir. 1988).

In <u>L.A. Gear, Inc. v. Thom McAn Shoe Co.</u>, 988 F.2d 1117, 1122 (Fed. Cir. 1993), the

Federal Circuit made clear that Winner's analysis that purports to "disregard" the allegedly

functional aspects of the '621 Patent is incorrect.  (Winner Mot. at  8.)  Instead, design patents

must be viewed in their entirety:

> "[T]he utility of each of the various elements that comprise the design is not the
> relevant inquiry with respect to a design patent.  In determining whether a design
> is primarily functional or primarily ornamental the claimed design is viewed in its
> entirety, for the ultimate question is not the functional or decorative aspect of each
> separate feature, but the overall appearance of the article, in determining whether
> the claimed design is dictated by the utilitarian purpose of the article."

<u>Id</u>. at 1123, quoting <u>Lee v. Dayton-Hudson Corp.</u>, 838 F.2d 1186, 1189 (Fed. Cir. 1988).  <u>See</u>

<u>also</u> <u>Braun Inc. v. Dynamics Corp. of America</u>, 975 F.2d 815 (Fed. Cir. 1992) (stating that "in

evaluating a claim of design patent infringement, a trier of fact must consider the ornamental

aspects of the design as a whole and not merely isolated portions of the patented design.").

Viewing the '621 Patent as a whole and comparing it with the Winner devices establishes

that Winner's products infringe the '621 Patent.  <u>See</u> Exhibits B, C, and D.

The Declaration of Professor Skalski further establishes that the features of the '621

Patent are not functional.  (See Ex. F.)

In sum, Lawman has established that genuine issues of material fact as to Winner's claim

of functionality preclude summary judgment and entitle Lawman to a trial on the merits.

## V.  CONCLUSION

Winner's motion for summary judgment must be denied.  Not only is the motion

premature, it fails to meet the legal standards for summary judgment.  Winner misconstrues the

'621 Patent as being functional, and then misapplies the Ordinary Observer test and the Point of

Novelty test to the misconstrued '621 Patent to reach erroneous conclusions.

Lawman has established that under a proper interpretation of the '621 Patent and

application of the Ordinary Observer and Point of Novelty tests, Lawman is likely to succeed at

trial.   Accordingly, the motion for summary judgment must be denied.

Roberta Jacobs-Meadway
Lynn E. Rzonca
Corey Field
BALLARD SPAHR ANDREWS
   & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Date:  October 10, 2003          Attorneys for Plaintiff Lawman Armor Corp.

**CERTIFICATE OF SERVICE**

I, Lynn E. Rzonca, certify that a true and correct copy of the foregoing Lawman's Opposition to Winner's Motion for Summary Judgment of Non-Infringement, with exhibits, was served today, as indicated, on all counsel of record addressed as follows:

VIA HAND DELIVERY:                 BY FIRST CLASS MAIL:
Mr. Christopher A. Rothe           Philip J. Moy, Jr.
Dann Dorfman Herrell and Skillman, P.C.    Robert V. Vickers
Suite 720, 1601 Market Street      Jude A. Fry
Philadelphia, PA 19103-2307        Fay, Sharpe, Fagan, Minnich & McMckee, LLP
                                   100 Superior Avenue – Seventh Floor
                                   Cleveland, Ohio  44114-2579

Date:  October 10, 2003          Lynn E. Rzonca