IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LAWMAN ARMOR CORPORATION, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 02-4595 |
| WINNER INTERNATIONAL, LLC, | : | |
| Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                   **DECEMBER 10, 2003**

**I. INTRODUCTION AND BACKGROUND**

Presently before this Court is Lawman Armor Corporation's ("Lawman") Motion for Leave to Amend its Complaint.[1] Lawman requests the Court to add three parties to its Complaint. First, Lawman seeks to add Winner Holdings Company ("Winner Holding").[2] Second, Lawman seeks to add James E. Winner Jr. ("Winner Jr.") and Karen Winner Hale ("Hale") (collectively the "Individual Defendants") to the Complaint. For the following reasons, the Court will deny in part and grant in part Lawman's Motion.

Lawman filed its Original Complaint ("Original Complaint") on July 10, 2002

---

[1] Lawman filed its Original Complaint on July 10, 2002. Subsequently, on July 11, 2002, before Winner International, LLC had filed an Answer, Lawman filed its First Amended Complaint. Therefore, Lawman seeks to file a Second Amended Complaint with its current Motion before the Court.

[2] As Defendant's Response states, the entity known as Winner Holding Company was actually entitled Winner Holding Corporation. This entity was merged into Winner Holding LLC on September 28, 1998, with Winner Holding LLC surviving. In their Reply Brief, Lawman states that they now seek to add Winner Holdings LLC as opposed to Winner Holdings Company, however, Lawman attaches no such Amended Complaint to reflect this change.

against Defendant Winner International, LLC ("Winner International").  Lawman asserts that Winner International infringed on a patent that Lawman has the exclusive license on.  A day after its Original Complaint was filed, and before Defendant filed an Answer, Lawman filed its First Amended Complaint ("First Amended Complaint") pursuant to Federal Rule of Civil Procedure 15(a).  Lawman now seeks leave of the Court to file a Second Amended Complaint ("Second Amended Complaint") adding three parties as Co-Defendants.  Specifically, Lawman seeks to add Winner Jr. since he was CEO of Winner International, as well as Chairman of the Board of Winner Holding.  Lawman seeks to add Hale due to her position as COO of Winner International and her former position as CEO.  Lawman argues that both Winner Jr. and Hale, in their respective positions with Winner International, played crucial roles in the actions that led up to the alleged patent infringement by Winner International.

        Lawman also seeks to add Winner Holding as a Co-Defendant.  Lawman's basis for adding Winner Holding is based on information that Winner Holding was formed in 1996 to oversee and maintain overall administration and operation of Winner International.[3]  Lawman alleges that Winner Holding is a proper Defendant in its action because Winner International was under the administrative and operational control of Winner Holding, thereby making Winner Holding liable to Lawman for any patent infringement on the part of Winner International.

## II. STANDARD

        A motion for leave to amend a complaint "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  "In evaluating challenges to the denial of opportunity to amend

---

[3] As a basis for this allegation, Lawman attached a web page detailing the biography of Winner Jr. which states when and why Winner Holding was formed.  (Pl. Mot. Leave Am. Compl., Ex. B).

[the courts] have held consistently that leave to amend should be freely granted." Dole v. Arco Chem. Co., 921 F.2d 484, 486 (3d Cir. 1990)(citations omitted). However, the Supreme Court has noted instances where such an amendment will not be allowed, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] *futility of amendment*." Foman v. Davis, 371 U.S. 178, 182 (1962)(emphasis added). The proposed Co-Defendants only argue that adding them as Co-Defendants in the patent infringement action would be futile.

### III. DISCUSSION

All of the proposed Co-Defendants specifically oppose Lawman's Motion to Amend its Complaint by arguing that venue is not proper over any of them in this District. Courts have held that where venue is improper as to a defendant, such an amendment proposing to add that defendant should not be granted. See Max Daetwyler Corp. v. Input Graphics, Inc., 541 F. Supp. 115, 117 (E.D. Pa. 1982)(holding adding individual defendant in patent infringement case is not proper since individual did not reside in District and individual did not have a regular and established place of business in the District). Lawman seeks to add two individuals as well as a corporation to its Complaint, therefore the Court will separately analyze whether adding these parties to the action is futile.

#### A. WINNER JR. AND HALE

Lawman seeks to add Winner Jr. and Hale based on their positions with Winner International. As previously stated, both Winner Jr. and Hale are or have been officers with Winner International. Lawman alleges that Winner Jr. and Hale are liable because of their

control over Winner International which led to the alleged willful and deliberate patent infringement. Lawman seeks to hold the Individual Defendants liable based on their specific willful and deliberate acts giving rise to the alleged patent infringement. The courts have recognized such a claim. See Max Daetwyler Corp., 541 F. Supp. at 117 (citing Universal Athletic Sales Co. v. Am. Gym, 480 F. Supp. 408, 416-17 (W.D. Pa 1979); Thompson Tool Co. v. Rosenbaum, 443 F. Supp. 559, 561 (D. Conn. 1977)).

While Lawman is entitled to add the Individual Defendants based on their alleged specific willful acts giving rise to the infringement, the Individual Defendants have specifically contested such an amendment as futile due to lack of venue. Patent infringement actions are governed by their own separate venue statute. 28 U.S.C. § 1400(b). Specifically, venue in a patent infringement case is proper in a district where the defendant either (a) resides or (b) has a regular and established place of business and where the defendant has committed acts of the alleged infringement. Id.

John F. Hornbostel, Jr. ("Hornbostel"), general counsel of Winner International, filed a Declaration which was attached to the Response to the Motion to Amend. Hornbostel states that he has knowledge of the business entities and personal residence of Winner Jr. and Hale, and that neither Winner Jr. nor Hale reside in this District. In their Reply Brief, Lawman does not contest this point. Additionally, the Declaration states that neither Winner Jr. nor Hale as individuals maintain a regular and established place of business within this District. Again, Lawman does not contest this point. Therefore, on its face, it appears as if venue cannot be established within this District pursuant to Section 1400(b). However, Lawman asserts two alternative theories for why venue is proper within this District as to Winner Jr. and Hale.

First, Lawman asserts that because venue is proper as to Winner International, venue for the personal liability of a corporate officer can be based on corporate venue provisions. See Hoover Group Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1411 (Fed. Cir. 1996). However, the Federal Circuit has stated that "venue as to corporate employees charged with personal liability for acts taken as individuals, not as the alter ego of the corporation, does not flow automatically to forums in which venue is proper as to the corporation." Id. at 1410. Here, Lawman does not assert that Winner International is the alter ego of Winner Jr. or Hale. In fact, Lawman specifically states that they are not seeking to establish liability over the Individual Defendants by piercing the corporate veil. In a similar infringement case, the Southern District of New York refused to impute venue as to corporate employees where venue was proper as to the corporation for which they worked. See Dimensional Media Assocs., Inc. v. Optical Prods. Dev. Corp., 42 F. Supp.2d 312, 319 (S.D.N.Y. 1999). Additionally, this District has also held that where a plaintiff is seeking to establish liability over an individual based on their wilful and deliberate acts giving rise to the alleged patent infringement, the Court will not necessarily impute the venue of the corporation to the individual. See Max Daetwyler Corp., 541 F. Supp. at 117 (stating where plaintiff has not shown by affidavit or otherwise that corporation is alter-ego of individual, court will not impute the business activities of the corporation to the individual to establish proper venue in patent infringement action). Therefore, the Court will not impute the venue of Winner International to either Winner Jr. or Hale.

Lawman additionally argues that venue is proper in this District pursuant to the pendant venue doctrine. This District has had the opportunity to examine whether pendant venue should be exercised over an individual where venue is proper to a corporation in a patent

infringement action. See id. at 117-18. In Max Daetwyler, this District declined to apply pendant venue to an individual corporate officer stating that "in the few cases in which the 'pendant venue' theory has been applied, the requirements of the patent venue statute had been met and the theory was used only to include other claims." Id. at 118. As such, since the patent venue statute has not been met for either Winner Jr. or Hale, the Court will decline to apply the pendant venue doctrine. See also Goggi Corp. v. Outboard Marine Corp., 422 F. Supp. 361, 366 (S.D.N.Y. 1976)(stating doctrine of pendant venue has received little acceptance and has usually only been applied "in the context of common law claims which are jurisdictionally pendant to federal claims."); PkWare Inc. v. Meade, 79 F. Supp.2d 1007, 1018-19 (E.D. Wis. 2000)(stating "[p]atent infringement cases are governed by a specific venue statute, § 1400(b), and courts have expressed the view that application of the doctrine of pendent venue is inconsistent with the specific requirements of the statute."). Therefore, the Court will refuse to apply the pendant venue doctrine to add Winner Jr. and Hale and therefore will deny Lawman's Motion to Amend its Complaint to add Winner Jr. and Hale.

### B. WINNER HOLDINGS

Lawman also seeks to add Winner Holding as a Defendant because of their overall administration and oversight over Winner International during at least the first three years of the alleged patent infringement period. Lawman tries to establish proper venue over Winner Holdings because venue is proper as to Winner International in this District. As such, Lawman seeks to impute the venue of Winner International to Winner Holding.[4]

---

[4] Arising out of the Response to its Motion, Lawman now seeks to add Winner Holding LLC rather than Winner Holdings Company. It appears Winner Holdings Company never existed since the Response states that the proper title of the entity Lawman seeks to add used to

A plaintiff can recover damages for patent infringement up to six years prior to the filing of the complaint. See 35 U.S.C. § 286. Additionally, in limited circumstances, a holding company can be liable for the patent infringement of its held company. See Manchak v. Rollins Envtl. Servs., Inc., No. 96-37 (SLR), 1996 WL 790100, at *3 (D. Del. Dec. 18, 1996). There is some information that Winner Holding actively administered and oversaw Winner International during the relevant six-year period leading up to filing its Complaint. Additionally, the Hornbostel Declaration states that Winner Holding has not administered Winner International for only the last three years. Therefore, implicitly, Winner Holding was overseeing and administering Winner International for a substantial part of the relevant six-year period.

As previously stated, leave to amend a complaint shall usually be freely given. The only argument Winner Holding makes in opposing such an amendment is that adding them to the Compliant would be futile either due to lack of venue or because Winner Holding would be entitled to summary judgment.

At this stage of the litigation, and because leave to amend a complaint is usually freely given, the Court finds that Winner Holding's summary judgment argument must fail. As has been previously stated, a holding company can be found liable for the patent infringement of its subsidiary. See Manchak, 1996 WL 790100. However, "a parent is only derivatively liable for the torts of its subsidiaries if it so dominates them as to warrant piercing the corporate veil." Ronald A. Katz Technology Licensing, L.P. v. Verizon Communications, Inc., No. CIV.A. 01-

---

be named Winner Holding Corporation before it merged with Winner Holding LLC in 1998. Winner Holding Corporation was a Delaware Corporation with its place of business in the Western District of Pennsylvania. Additionally, Winner Holding LLC, the surviving corporation is also a Delaware Corporation with its place of business in the Western District of Pennsylvania.

5627, 2002 WL 31834833, at *2 (E.D. Pa. Dec. 18, 2002)(stating this principle applies to direct patent infringement as it would to any other tort). While this is a high standard, the Court notes that the Motion currently before the Court is only to amend Lawman's Complaint. Therefore, the Court finds that more information would be necessary before the Court could ever properly rule whether Winner Holding would be entitled to summary judgment.

Next, the Court must determine whether adding Winner Holding to the Complaint at this stage of the process would be futile because the Court lacks venue over Winner Holding. As one court has noted, "[t]he district in which proper venue lies 'is determined at the time the complaint is filed.'" Horihan v. Hartford Ins. Co. of the Midwest, 979 F. Supp. 1073, 1076 (N.D. Tex 1997)(quoting Sidco Indus., Inc. v. Wimar Tahoe Corp., 768 F. Supp. 1343, 1346 (D. Or. 1991))(citing Exxon Corp. v. F.T.C., 588 F.2d 895, 899 (3d Cir. 1978); Concord Labs, Inc. v. Ballard Medical Products, 701 F. Supp. 272, 277 (D.N.H. 1988); Proler Steel Corp. v. Luria Bros. & Co., 225 F. Supp. 412, 413 (S.D. Tex. 1964)). In this case, the Court finds that Winner Holding has not gone far enough to establish that venue is improper towards it in this District. The only evidence that Winner Holding presents is that it is a Delaware Corporation with its place of business in the Western District of Pennsylvania. However, for venue purposes:

> [A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a state which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c). While the fact that Winner Holding is a Delaware Corporation with a place of business in the Western District of Pennsylvania might help to establish that Winner Holding does not have proper venue in this District pursuant to general personal jurisdiction, such evidence does not establish *per se* that Winner Holding is not subject to specific personal jurisdiction in this District for venue purposes. At the very least, such evidence does not establish that adding Winner Holding is futile due to lack of venue. Additionally, during at least the first half of the relevant six-year period before suit was brought, it is at least possible that Winner Holding was engaged in overseeing and administering Winner International. The Court notes that imputing the venue of the subsidiary to the parent should be done "[o]nly in instances where the corporate parent exercises considerable control over the subsidiary will federal courts impute that subsidiary's venue to the parent." The Richards Group v. Smith, No. Civ.A. 300CV2221X, 2001 WL 123989, at *2 (N.D. Tex. Jan. 12, 2001)(citing Reynolds Metals Co. v. Columbia Gas System, Inc., 669 F. Supp. 744 (E.D. Va. 1987)). The Court though finds that based on the limited record before it, and because this is only a Motion to Amend the Complaint, such an amendment adding Winner Holding is not futile due to lack of venue.[5]

## IV. CONCLUSION

In conclusion, the Court finds that venue is lacking as to Winner Jr. and Hale in this District. The Court is constrained by the relevant patent infringement venue statute and finds that venue in the Eastern District of Pennsylvania is lacking as to these two individuals.

---

[5] This ruling allowing Lawman to add Winner Holding should not be taken to mean that venue is definitively proper in this District as to Winner Holding, but rather, based on the record before it, the Court finds that Winner Holding has not met the high burden of proving futility based on improper venue.

However, the Court finds that adding Winner Holding is not necessarily futile since the Court cannot at this stage of the litigation fine that venue is improper or that Winner Holding would be entitled to summary judgment as to the alleged patent infringement. Therefore, the Court will deny Lawman's Motion for Leave to File an Amended Complaint as to adding Winner Jr. and Hale, but allow Lawman to add Winner Holding to its Complaint.

       An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LAWMAN ARMOR CORPORATION, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 02-4595 |
| WINNER INTERNATIONAL, LLC, | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 10th day of December, 2003, upon consideration of Plaintiff's Motion for Leave to Amend its Complaint (Doc. No. 33), and the Response and Reply thereto, it is hereby **ORDERED** that:

1. Plaintiff's Motion to add James E. Winner Jr. and Karen Winner Hale is DENIED;

2. Plaintiff's Motion to add Winner Holding LLC is GRANTED;[1] and

---

[1] Because Plaintiff attached a proposed Amended Complaint adding Winner Jr. and Hale, in addition to Winner Holding, and because Plaintiff named Winner Holding LLC by the name Winner Holdings Company, Plaintiff shall submit and file with the Court a new Amended Complaint adding only Winner Holding LLC as opposed to all three of its proposed new Co-Defendants. The Amended Complaint shall be filed within seven days of this Order.

3.      Plaintiff shall have seven (7) days from the date of this Order to file an identical Amended Complaint to the one attached to its Motion, except that the Amended Complaint Plaintiff files shall designate Winner Holding LLC as the properly named Defendant rather than Winner Holdings Company and shall exclude James E. Winner Jr. and Karen Winner Hale as Defendants.

BY THE COURT:

_____
ROBERT F. KELLY         Sr. J.