## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORPORATION,    )
                                                     )
          Plaintiff,                 )
                                                     )     Civ. Action No. 02-CV-4595
     v.                             )
                                                     )     Hon. Robert F. Kelly
WINNER INTERNATIONAL LLC, and )
WINNER HOLDING LLC            )
                                                     )
          Defendants.            )

## PROPOSED ORDER

And now, this ___ day of December, 2003, upon consideration of Winner
International LLC's Motion to Extend Date for Exchanging Expert Reports and Subsequent
Dates in Scheduling Order, and Lawman's Brief in Opposition thereto, it is hereby ORDERED
that Winner's Motion is DENIED.

                                                 _____

                                                        Kelly, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWMAN ARMOR CORPORATION,  )
                                  )
         Plaintiff,            )
                                    )      Civ. Action No. 02-CV-4595
         v.                     )
                                    )      Hon. Robert F. Kelly
WINNER INTERNATIONAL LLC, and )
WINNER HOLDING LLC            )
                                    )
         Defendants.         )

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND
DATE FOR EXCHANGING EXPERT REPORTS AND SUBSEQUENT DATES IN
SCHEDULING ORDER**

Plaintiff Lawman Armor Corp. ("Lawman") hereby submits this Memorandum in

Opposition to Winner International LLC's ("Winner") Motion to Extend Dates for Exchanging

Expert Reports and Subsequent Dates in Scheduling Order ("Motion to Extend").

Winner's last-minute Motion to Extend is not only procedurally deficient, it also cites to

no authority and is absolutely devoid of any substance. See Nelson v. Astra Merck, Inc., No.

CIV A. 98-1283, 1999 WL 357370 (E.D. Pa. June 3, 1999) (denying Motion to Extend

Deadlines for lack of showing of good cause and lack of an accompanying brief under Local

Rule 7.1(c)).

Procedurally, Winner's Motion to Extend is deficient because it was submitted without

the required accompanying memorandum of law setting forth "a concise statement of the legal

contentions and authorities relied upon in support of their motion." See E.D. Pa. R. Civ. P.

7.1(c). See also Nelson v. Astra Merck, Inc. at *1.

Substantively, Winner's Motion to Extend cites to no authority. Under Rule 16(b) of the

Federal Rules of Civil Procedure, the Court may only modify a scheduling order upon a showing

of good cause. See Fed. R. Civ. P. 16(b). The Advisory Committee Notes to Rule 16 state that

modification of the scheduling order requires a showing that the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Id.

In order to show good cause under Rule 16(b), Winner must therefore demonstrate that a more diligent pursuit of discovery was impossible. See McElyea v. Navistar Int'l Trans. Corp., 788 F. Supp. 1366, 1371 (E.D. Pa. 1991), aff'd without opinion, 950 F.2d 723 (3d Cir. 1991).

This law suit was filed on July 10, 2002. Thereafter, Winner made every effort to delay the proceedings, and achieved a stay in this case lasting *seven months* that was in effect from November 5, 2002, until June 4, 2003. Pursuant to the entry of this Court's Scheduling Order on June 4, 2003, Winner has had ample time to diligently pursue discovery and to prepare expert reports by the January 5, 2004 deadline.

Winner has not set forth any facts showing that a diligent pursuit of discovery is impossible. They have not shown when the experts were retained, what information they were given as regards the January 5, 2004 deadline, or the reasons why the reports could not be completed by the deadline. Winner's Motion only states that "[t]his motion is being made primarily for the convenience of Winner's experts, as the reports currently are due immediately following the end-of-year holidays." (Winner Motion to Extend at 1.) End-of-year holidays are not a sudden or unexpected occurrence that make the diligent pursuit of discovery impossible. Winner's sole justification for the Motion to Extend therefore does not constitute good cause under Rule 16(b).

Finally, Winner implies that the requested extension will not delay matters or inconvenience Lawman because, to the best of Winner's knowledge, the Second Amended Complaint in this matter has not yet been served upon the new party Winner Holding LLC. Winner Holding LLC is not an unrelated party, yet Winner's attorneys refused to accept service of the Second Amended Complaint on behalf of Winner Holding LLC. In response Lawman diligently arranged for the prompt service of the Second Amended Complaint upon Winner Holding LLC, and is awaiting confirmation that service has been effected. The addition of

Winner Holding LLC as a defendant will not delay trial and does not constitute good cause for Winner's Motion to Extend.

Lawman has experienced enough delay in this matter and is ready to proceed to trial, and believes it would be prejudiced by Winner's unfounded attempt to delay these proceedings any further. Winner's Motion to Extend, filed at the last minute on December 19, 2003, is procedurally and substantively lacking in any showing of good cause and must be denied.

## CONCLUSION

Because Winner's Motion to Extend is procedurally defective and fails to state good cause, and would cause undue delay, Lawman respectfully requests that Winner's Motion to Extend be denied.

*Corey Field*
_____
Roberta Jacobs-Meadway
Lynn E. Rzonca
Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
Attorneys for Plaintiff Lawman Armor Corp.

Date: December  23, 2003

## CERTIFICATE OF SERVICE

I, Corey Field, Esquire, hereby certify that a true and correct copy of the foregoing

Brief in Opposition to Defendant's Motion to Extend Date for Exchanging Expert Reports and

Subsequent Dates in Scheduling Order was served this date, by the manner indicated, on all counsel

of record addressed as follows:

### VIA FACSIMILE AND HAND DELIVERY:

Mr. Christopher A. Rothe
Dann Dorfman Herrell and Skillman, P.C.
Suite 720, 1601 Market Street
Philadelphia, PA 19103-2307

### BY FIRST CLASS MAIL:

Philip J. Moy, Jr.
Robert V. Vickers
Jude A. Fry
Fay, Sharpe, Fagan, Minnich & McKee, LLP
1100 Superior Avenue – Seventh Floor
Cleveland, Ohio  44114-2579

Corey Field
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8130

Date: December 23, 2003

PHL_A #1831127 v1