IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWMAN ARMOR CORPORATION, | : | |
| | : | |
| Plaintiff, | : | Case No.  2:02-CV-04595-RK |
| | : | |
| v. | : | Judge Robert Kelly |
| | : | |
| WINNER INTERNATIONAL, LLC, and WINNER HOLDING LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ANSWER TO SECOND AMENDED COMPLAINT
BY WINNER HOLDING, LLC**

Defendant Winner Holding LLC ("Winner Holding") hereby answers the Second Amended Complaint for Patent Infringement filed by plaintiff, Lawman Armor Corporation ("Lawman"), as follows.

**The Parties**

1.  Winner Holding lacks sufficient knowledge or information to admit or deny the allegations of paragraph 1.

2.  Winner Holding admits that Winner International, LLC formerly was a Delaware limited liability company with a place of business at 32 West State Street, Sharon, Pennsylvania 16146, but Winner Holding otherwise denies the allegations of paragraph 2.

3.  Winner Holding admits that it is a Delaware limited liability company with a place of business at 32 West State Street, Sharon, Pennsylvania 16146 but otherwise denies the allegations of paragraph 3.

**Jurisdiction and Venue**

4.  Winner Holding admits the allegations of paragraph 4.

5. Winner Holding denies the allegations of paragraph 5.

6. Winner Holding admits that venue is proper with respect to Winner International, LLC but denies the allegations of paragraph 6 with respect to itself.

### Alleged Patent Infringement

7. Winner Holding admits that a copy of U.S. Patent No. Des. 357,621 ("the '621 design patent") was attached as an Exhibit to the Second Amended Complaint, but Winner Holding otherwise lacks sufficient knowledge or information to admit or deny the allegations of paragraph 7.

8. Winner Holding admits that the '621 design patent is directed to a sliding hook portion of a vehicle steering wheel locking device and shows a sliding hook portion having a two-pronged configuration for engagement with the rim of a vehicle steering wheel, but Winner Holding otherwise denies the allegations of paragraph 8.

9. Winner Holding lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9.

10. Winner Holding admits that Winner International, LLC and Winner International, Inc. have offered for sale and sold devices that lock to vehicle steering wheels, including some that bear the designations "Twin Hooks" and "The Club—Quad Hook System," but Winner Holding otherwise denies the allegations of paragraph 10 and specifically denies that these or any of products sold by Winner International, LLC or Winner International, Inc. infringe the '621 design patent and that it has ever made, offered for sale, or sold any of these products.

11. Winner Holding denies the premise of the allegations in paragraph 11—that the referenced products infringe the '621 design patent—and therefore denies paragraph 11 in its entirety.

12. Winner Holding denies the allegations of paragraph 12.

13. Winner Holding denies the allegations of paragraph 13.

14. Winner Holding denies the allegations of paragraph 14.

15. Winner Holding admits that officers of Winner International, LLC and Winner Holding have been aware of the '621 design patent since at least as early as 1998, but Winner Holding otherwise denies the allegations of paragraph 15.

16. Winner Holding denies the allegations of paragraph 16.

**AFFIRMATIVE DEFENSES**

1. This Court lacks subject matter jurisdiction over this action, because there was a gap in the chain of ownership of the '621 design patent to the alleged licensor at the time the action was filed.

2. Lawman, as an exclusive licensee without all rights in the '621 design patent, lacks standing to bring this action in its name alone.

3. Lawman has failed to name an indispensable party in this action, the true owner of the '621 design patent and/or the licensor of the '621 design patent.

4. Venue in this case is improper as to Winner Holding.

5. To the extent Lawman has acquired rights in the '621 patent by assignment and/or license, its rights to recover damages from Winner Holding or to obtain an injunction against Winner Holding are barred by laches and equitable estoppel due to the conduct of the prior owners of the '621 patent, Keen Tools Corporation and Paul Yang.

6. Winner Holding has engaged in no conduct that would reasonably subject it to liability in this action.

  7. No product made, imported, offered for sale, or sold by Winner Holding infringes the '621 design patent.

  8. The '621 design patent is invalid for failure to satisfy the conditions for patentability of a design specified in Title 35 of the United States Code, including §§ 102, 103, and/or 171 thereof.

  9. If the claimed design of the '621 design patent were construed so broadly as to cover any of of the products accused of infringement, such claimed design necessarily would be invalid.

  10. Lawman's claims for design patent infringement are barred by the doctrine of unclean hands.

  WHEREFORE, Winner Holding denies that Lawman is entitled to any relief whatsoever with respect to Winner Holding and respectfully requests that this Court enter judgment:

  a. Dismissing the Second Amended Complaint;

  b. Declaring that Winner Holding has not infringed U.S. Patent No. Des. 357,621;

  c. Declaring that the claimed design of U.S. Patent No. Des. 357,621 is invalid;

  d. Declaring that Lawman's claims are barred by laches and/or equitable estoppel; and

- 5 -

  e. Awarding Winner Holding its costs, attorneys' fees, and such other and further relief as this Court may deem just and proper.

              Respectfully submitted,

Date: January __, 2004        _____
                 CHRISTOPHER A. ROTHE
                 Attorney I.D. No. 84,023
                 Local Counsel for Defendant
                 Dann Dorfman Herrell and Skillman, P.C.
                 Suite 720, 1601 Market Street
                 Philadelphia, PA  19103-2307
                 Telephone: 215-563-4100
                 Facsimile: 215-563-4044
                 E-Mail:  crothe@ddhs.com

                 Philip J. Moy Jr.
                 Robert V. Vickers
                 Jude A. Fry
                 Fay, Sharpe, Fagan, Minnich & McKee, LLP
                 1100 Superior Avenue - Seventh Floor
                 Cleveland, Ohio  44114-2579
                 Telephone: 216 861-5582
                 Facsimile: 216-241-1666

                 Attorneys for Defendant
                 Winner Holding LLC

## CERTIFICATE OF SERVICE

    I hereby certify that on January __, 2004, a copy of the foregoing **ANSWER TO SECOND AMENDED COMPLAINT BY WINNER HOLDING LLC** was served via hand delivery on the following attorney for plaintiff:

>Roberta Jacobs-Meadway, Esq.
>Ballard, Spahr Andrews & Ingersoll, LLP
>1735 Market Street, 51st Floor
>Philadelphia, PA  19103.

                                      _____
                                      CHRISTOPHER A. ROTHE
                                      Attorney I.D. No. 84,023
                                      Dann Dorfman Herrell and Skillman, P.C.
                                      Suite 720, 1601 Market Street
                                      Philadelphia, PA  19103-2307
                                      Telephone: 215-563-4100
                                      Facsimile: 215-563-4044