IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWMAN ARMOR CORPORATION, | : |
| Plaintiff, | : Case No. 2:02-CV-04595-RK |
| v. | : Judge Robert Kelly |
| WINNER INTERNATIONAL, LLC, and WINNER HOLDING LLC, | : |
| Defendants. | : |

**DECLARATION OF KAREN WINNER HALE**

Being duly sworn, I, Karen Winner Hale, hereby state as follows:

1. I am Chief Operating Office of Winner International, Inc., the successor to Winner International, LLC, a named defendant in the captioned action. I have held this position with Winner International, Inc. since May 2002, when Winner International, LLC was merged into a subsidiary of Winner International, Inc. and the latter entity assumed the assets and liabilities of Winner International, LLC.

2. From September 2001 until Winner International, LLC was merged into Winner International, Inc. in May 2002, I was Chief Operating Officer of Winner International, LLC.

3. Since as early as 1996, I have been responsible for overseeing the business operations of Winner International, Inc., Winner International, LLC, and their predecessor company, Winner International, a Pennsylvania business trust (collectively "Winner International").

4. In connection with my duties with Winner International, I am familiar with the products sold by Winner International and the time frames in which they have been sold.

5.  For many years, Winner International's primary business has been the marketing and sale of security devices for motor vehicles, particularly steering wheel locks that are secured to the steering wheel of a vehicle to prevent operation of the vehicle while locked in place. Most of the steering wheel locks sold by Winner International bear Winner International's registered trademark THE CLUB.

6.  In early 1998, Winner International began selling a steering wheel lock product designated as the DOUBLE HOOKS wheel lock. This product included two sets of hooks for engaging the steering wheel rim. Each set included two spaced-apart hooks that were intended to engage a steering wheel rim on opposite sides of one of the steering wheel's spokes. The DOUBLE HOOKS product did not use Winner International's trademark THE CLUB.

7.  In early 1999, Winner International was sued by Keen Tools Company ("Keen Tools") in U.S. District Court for the Southern District of Florida ("the Florida Action"). In the Florida Action, Keen Tools accused Winner International's DOUBLE HOOKS product of infringing a U.S. design patent, U.S. Patent No. Des. 357,621 ("the '621 design patent"), which is the same patent at issue in the current action filed by Lawman Armor Corporation. In the Florida Action, Keen Tools also accused the DOUBLE HOOKS product of infringing trade dress rights that Keen Tools allegedly had in a product identified as "Model No. PC-1000-T."

8.  At the time the Florida Action was filed, Winner International already was involved in a patent infringement action against Keen Tools and Keen Tools' U.S. distributor, American Auto Accessories Inc. ("AAA") in U.S. District Court for the Eastern District of New York ("the Brooklyn Action"). The Brooklyn Action was instituted by Keen Tools and AAA, who sought a declaratory judgment that certain of their products, including Keen Tools' Model No. PC-1000-T steering wheel lock, did not infringe certain utility patents owned by or licensed

to Winner International. Winner International filed counterclaims in the Brooklyn Action charging Keen Tools and AAA with infringement of those utility patents.

9. When it brought the Florida Action, Keen Tools also filed a motion for a preliminary injunction against Winner International. Winner opposed the preliminary injunction motion in the Florida Action and filed its own motion for summary judgment of non-infringement with respect to the '621 design patent.

10. In August 1999, after the parties had filed their briefs in connection with the preliminary injunction motion and summary judgment motion in the Florida Action, the Florida Action was stayed pending resolution of Winner International's counterclaims in the Brooklyn Action. As I understand the proceedings, this stay was granted upon a motion by Winner International arguing that Keen Tools' trade dress claims in the Florida Action would be rendered moot if Winner International were to prevail on its patent infringement counterclaims against the Model No. PC-1000-T product in the Brooklyn Action. I also understand that Keen Tool's claim for design patent infringement in the Florida Action was not affected by the issues in controversy in the Brooklyn Action. I further understand that the stay order directed the parties to advise the Florida Court of the resolution of the Brooklyn Action within 10 days of the resolution.

11. Following the stay of the Florida Action, Winner International resumed litigation against Keen Tools and AAA in the Brooklyn Action. At some point in time, however, I was advised by Winner International's attorneys that Keen Tools had ceased actively participating in the Brooklyn Action and that Keen Tools' attorney had withdrawn from the Brooklyn Action without a new one being appointed.

12. Ultimately, Winner International filed a motion for default judgment against Keen Tools in the Brooklyn Action. In August 2000, the Court in the Brooklyn Action entered an order for default judgment against Keen and permanently enjoined Keen Tools from selling the Model No. PC-1000-CT steering wheel lock or otherwise infringing the Winner International utility patents at issue in the Brooklyn Action.

13. I am aware of no communications from Keen Tools or any representative of Keen Tools to Winner International following the default judgment in the Brooklyn Action that indicated an intention on the part of Keen Tools to continue proceedings in the Florida Action or otherwise enforce the '621 design patent against Winner International. To the contrary, the failure of Keen Tools to litigate its rights in the Brooklyn Action and the failure of Keen Tools to resume activities in the Florida Action led Winner International, and me personally, to believe that Keen Tools had abandoned its claims for design patent infringement against Winner International.

14. Toward the end of 2000, Winner International entered into a settlement agreement with AAA with respect to the Brooklyn Action. As part of the settlement agreement, Winner International acquired the DR HOOK trademark previously used by AAA on steering wheel locks and U.S. Patent No. 5,778,709 ("the Hsu patent"). I understand that the Hsu patent covers a steering wheel lock having two sets of hooks like those of Winner International's DOUBLE HOOKS product and a ring or other structure to cover an air bag mounted in the steering wheel.

15. Up through the settlement agreement with AAA, Winner International had a single commercial product with the two-hook configuration that Lawman Armor has accused of infringing the '621 design patent in this action—the DOUBLE HOOKS steering wheel lock.

4

16. In the Spring of 2001, Winner International began importing and selling additional models having a two-hook configuration. These include products very similar to the DOUBLE HOOKS product but sold under the TWIN HOOKS, DR HOOK, and DE-VICE designations, as well as a product bearing the designation QUAD LOCK SYSTEM and sold under Winner International's THE CLUB trademark. I understand that the QUAD LOCK SYSTEM product is covered by the claims of the Hsu patent.

17. With the expansion of models, Winner International's sales of two-hook steering wheel locks increased substantially. For example, the unit gross sales volume for Winner International's two-hook steering wheel locks in each of 2001 and 2002 was approximately twice that for the DOUBLE HOOKS product in 2000.

18. In connection with the expansion of the Winner International's product line for steering wheel locks with a two-hook configuration, Winner greatly expanded the number of retailers to whom these products were offered. Through the end of 2000, the DOUBLE HOOKS product had been sold to a limited number of customers, with over 96% of the unit sales being to a single customer, AutoZone. Following the introduction of the new models in 2001, the number of customers for Winner International's two-hook steering wheel locks grew dramatically, with the list including such major retailers as CSK Auto, Strauss Discount Auto, K-Mart, Pep Boys, and Canadian Tire, none of which had been customers for the DOUBLE HOOKS product prior to 2001.

19. The expansion of Winner International's importation, marketing, and sales of two-hook steering wheel locks was undertaken at least in part on Winner International's belief that Keen Tools had abandoned its claim for design patent infringement against Winner International. Had Keen Tools advised the Florida Court of the default judgment in the Brooklyn

Action and resumed proceedings in the Florida Action on the design patent infringement claims in 2000, I do not believe that Winner International would have expanded its product line for two-hook steering wheel locks as it did in 2001 unless the Florida Action had been resolved in Winner International's favor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed by me on January 29, 2004, at Sharon, Pennsylvania.

_Karen Winner Hale_
Karen Winner Hale