IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWMAN ARMOR CORPORATION,   )<br>)<br>   Plaintiff,   )<br>)<br>v.   )<br>)<br>WINNER INTERNATIONAL, LLC, and   )<br>WINNER HOLDING LLC,   )<br>)<br>   Defendants.   ) | The Honorable Robert F. Kelly<br>Civil Action No. 02-CV-4595 |

**LAWMAN ARMOR CORP.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Lawman Armor Corp. ("Lawman") submits this Supplemental Brief in opposition to Defendants' Motion for Summary Judgment of Non-infringement.

**BRIEF BACKGROUND**

On March 31, 2004, this Court stayed proceedings pending the outcome of Lawman's appeal to the United States Court of Appeals for the Federal Circuit in *Lawman Armor Corp. v. Master Lock Co.*, Civil Action No. 02-6605, 2004 WL 440177 (E.D. Pa., March 11, 2004). In *Lawman v. Master Lock*, a case also before this Court, Master Lock's Motion for Summary Judgment of Non-Infringement was granted in an unpublished opinion that included a claim construction for the design patent at issue, No. D357,621. *Lawman v. Master Lock*, 2004 WL 440177 at *4-*5. Lawman asked the Court to stay this case pending the Federal Circuit's ruling; although different infringing devices were at issue, the same patent was at issue. At the time of the stay, Defendants' motion for summary judgment of non-infringement was pending.

On November 3, 2004, the Federal Circuit affirmed the *Master Lock* decision without opinion. On November 24, 2004, at the parties' request, the Court lifted the stay in this case.

Because the same patent is at issue here and in the *Master Lock* case, Lawman submits this Supplemental Brief to address certain common issues, including the patent claim construction this Court issued for the '621 Patent.

## I.   The Substantial Similarity Test is Broader Than Winner Suggests.

Winner's motion is based on a very narrow view of the substantial similarity test for design patent infringement. Winner's proposed test is at odds with established design patent law. This is best shown by the Supreme Court's decision in the seminal design patent case of *Gorham Co. v. White*, 81 U.S. 511 (1871). The product at issue in *Gorham* was flatware. Like the steering wheel locks at issue here, the flatware had a functional purpose but also had ornamental features.

As shown in the following illustration, the products at issue in Gorham were not identical. They had differences in their ornamental appearance. For example, they differed as to where the scrolling peaked, where it curved downward, how it terminated, and how it interfaced with the handle edge:



Gorham Co.     White 1867     White 1868

Despite these differences, and despite the fact that the ornamental appearances were not identical, the Supreme Court held that the accused products infringed—despite the fact that the accused infringer held its own design patent on the accused products.[1]  That is because the test for design patent infringement is not "direct copying."  It is overall similarity that is of prime importance.  *See id*. at 528-31.  The illustrations from the case shown above make that clear: accused products can differ in appearance from the patented design, yet still infringe.

---

[1]  Winner does not have any design patent on the accused locks.

Here, although Winner argues about small differences in detail between the '621 Patent and the Winner locks, the overall similarity of the Winner devices when compared with this Court's construction of the '621 Patent leads inescapably to a finding of substantial similarity. Even Winner concedes that issues such as whether the hook ends in their devices are parallel or not are unsuitable for summary judgment – Winner describes the hook ends as "substantially parallel," and the photos show distinct divergence and non-parallel alignment in several respects. (Winner Mot. at 12.) Under *Gorham v. White*, even these alleged minor differences cannot overcome the overall substantial similarity of the Winner devices to the '621 Patent.

Another instructive case on this point is *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117 (Fed. Cir. 1993). In L.A. Gear, the Federal Circuit found design patent infringement, despite the presence of numerous differences in the details:



*Id*. at 1121 (Plaintiff's Design Patent No. 299,081).



*Id*. at 1125 (Defendant's infringing product).

The illustrations from *L.A. Gear* show that, as with the '621 Patent and the accused Winner products, there are discrete differences in detail between the patent and the product. Comparison of the L.A. Gear patent and the accused product shows differences in:

- the toe box of the shoe
- the heel of the shoe
- the stitching on the heel
- the lacing area of the shoe
- the design on the side of the shoe
- the ankle portion of the shoe.

Thus, Winner's attempt to identify differences between the '621 Patent and the accused Winner products is not persuasive under the rule of *L.A. Gear*. Winner posits "differences"—but they are inconsequential differences that do not alter the essential design and commercial impression of the Winner lock.

Under *Gorham* and *L.A. Gear*, Lawman is entitled to present the issue of the similarities in overall product appearance to a jury. Like the infringing flatware in *Gorham* and the shoes in *L.A. Gear*, Winner's accused devices have the same placement of all the major design elements identified in the claim construction. Winner's tunnel-vision focus on whether the hook ends are, as Winner puts it, "substantially parallel" ignores this fact. Any minor variations in appearance do not change the existence of substantial similarity, and Winner's motion must be denied.

II.     **This Court's Claim Construction of the '621 Patent Confirms: the Ornamental Appearance of Winner's Lock Is Substantially Similar to the Patented Design**

In *Lawman v. Master Lock*, this Court issued a written construction of the '621 Patent. *Lawman v. Master Lock*, 2004 WL 440177 at *4-*5. The Master Lock appeal did not challenge the claim construction.

Under this Court's construction of the '621 Patent, there is at the least a genuine issue of fact concerning whether the Patent as construed reads on Winner's lock. Further, Winner's non-infringement argument was completely based on the false notion that significant portions of the '621 Patent are dictated by function and should be excluded from any analysis of substantial similarity. (Winner Mot. at 4-8.) In light of this Court's construction of the '621 Patent in *Lawman v. Master Lock*, Winner's non-infringement arguments on this point are moot.

### A.   Under the claim construction, Winner's devices are substantially similar to the '621 Design.

This Court's claim construction shows the substantial similarity of Winner's locks to the patented design. It confirms that Winner's locks appropriate the points of novelty in the patent.

In *Master Lock*, this Court construed the '621 Patent as follows (we added numbers to the paragraphs for ease of reference):

1. The 621 patent is directed to the sliding hook portion of a vehicle steering wheel lock assembly. The patent depicts two hooks, a shaft and the intersection between the shaft and the hooks.

2. The shaft has four different sections. The shaft section furthest from the hooks is cylindrical and smooth.

3. The next shaft section contains notches or grooves in a particular pattern and dimensions as shown, which completely encircle the shaft.

4. Figures 6 and 7 show that the notches or grooves are what would generally be considered a trapezoidal shape.

5. The third shaft section is again cylindrical and smooth and roughly the same diameter as the first shaft section.

6. The fourth and final shaft section is cylindrical and smooth but has a larger diameter than the first and third shaft sections.

7. The 621 patent also depicts two hooks. The hooks hang from the shaft and face outward away from the shaft.

8. The hooks have the same profile as shown in Figures 4 and 5 which resembles a C-shape. The ends of the hooks are not parallel to each other as shown in Figures 6 and 7.

9. There is a connective segment between the two hooks that is semi-circular, appearing to resemble a U as shown in Figure 6. The overall ornamental appearance of the hooks portion, from the perspective in Figure 6 is like an M with a curved middle section.

10. The intersection of the hooks and the shaft is a circle on top of and centered on a relatively straight portion when viewed in Figures 2 and 3. When viewed in Figures 6 and 7, the shaft intersects the connective hooks segment at its center. The shaft extends past the connective hook segment as shown in Figures 6 and 7.

*Lawman v. Master Lock*, 2004 WL 440177 at *4-*5

We now apply this claim construction to illustrations of the Winner "Double Hooks" accused device taken from Lawman's Opposition Memorandum, Ex. C (the reading of the Claim Construction applies equally to Winner's other accused devices):









The Court's claim construction, applied to the Winner lock, shows that the ornamental features of those locks are substantially similar to the '621 design. At a minimum, this illustration shows that there is a genuine issue of material fact on substantial similarity that must be presented to a jury.

**B.      This Court's claim construction expressly rejects Winner's argument that portions of the '621 Patent design are dictated solely by function.**

Winner argued that much of the '621 design was dictated solely by function, leaving only the hook portion for substantial similarity analysis. (Winner Mot. at 4-8.) This Court's claim construction moots Winner's argument. That construction considered the ornamental features of the entire device and did not find any of the '621 patented design to be dictated solely by

PHL_A #1953148 v1                                  9

function. The rejection of the functionality argument shows that Winner's construction of the '621 Patent is wrong and Winner's substantial similarity arguments are irredeemably flawed. Winner's motion must therefore be denied.

### III. Winner's Point of Novelty Analysis Fails as a Matter of Law.

#### A. The point of novelty test

The point of novelty test has two components: (a) determining the points of novelty that distinguish the claimed design from the prior art, and (b) determining whether the accused design "appropriates the novelty which distinguishes the patented design from the prior art." *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002).

##### 1. Relevant prior art must be "something in existence" that does not need modification to achieve the claimed design. None of the prior art cited by Winner meets this test.

What the prior art teaches is a question of fact. *In re Borden*, 90 F.3d 1570, 1576 (Fed. Cir. 1996), *citing In re Bell*, 991 F.2d 781, 784 (Fed. Cir. 1993). To qualify as relevant prior art for a design patent, a reference must show ornamental characteristics that are the same or similar to the claimed design. *OddzOn Prods.*, 122 F.3d at 1404. It is error to compare the visual impressions of selected, separate features of potential prior art to the patented design; the designs must be compared as a whole. *In re Reid Harvey*, 12 F.3d 1061, 1065 (Fed. Cir. 1993). The patented design must be "compared with something in existence—not with something that might be brought into existence by selecting individual features from prior art and combining them, particularly where combining them would require modification of every individual feature." *Id*.

To render a patented design "obvious," proposed prior art cannot be modified in any way other than *"de minimis." Id*., *citing In re Carter*, 673 F.2d 1378, 1380 (CCPA 1982). Even if the proposed prior art contains a suggestion to combine, it is error to compare the claimed design to the proposed prior art where it would still be necessary to make several significant changes in

that proposed art to arrive at the patented design. *In re Reid Harvey*, 12 F.3d 1061, 1065 (Fed. Cir. 1993).

Utility patents may be referenced as prior art to a design patent. But they can only be based on the appearance of the reference, not its uses. *In re Reid Harvey*, 12 F.3d at 1064; *In re Glavas*, 230 F.2d 447, 450 (CCPA 1956). Prior art references for a design patent must be "so related that the appearance of certain ornamental features in one reference would have suggested application of those features to another." *In re Sung Nam Cho*, 813 F.2d 378, 382 (Fed. Cir. 1987); *In re Rosen*, 673 F.2d 388 (CCPA 1992).

Prior art is not invalidating if the combined teachings suggest only components of the claimed design, but not its overall appearance. *In re Sung Nam Cho*, 813 F.2d at 382.

In the context of an obviousness analysis for design patents, prior art references "must motivate one of ordinary skill in the art to make the claimed combination." *Sung Nam Cho*, 813 F.2d at 382. In design cases, the question "is not whether the references sought to be combined are in analogous arts in the mechanical sense, but whether they are so related that the appearance of certain ornamental features in one would suggest the application of those features to the other." *In re Glavas*, 230 F.2d 447, 450 (CCPA 1956).

In support of its motion, Winner submitted several purported "prior art" patents. None meets the prior art test. In particular, the '308 Patent bears more careful examination.

**2.      The '308 Patent is not relevant prior art.  It is a utility patent that shows a 3-hook design, not a 2-hook design.**

The '308 Patent shows a 3-hook device:



Figure 2 of the '308 Patent.

The '308 Patent does not constitute prior art affecting the '621 Patent.  It does not show ornamental features that are the same as or similar to the '621 design.  *See OddzOn Prods.*, 122 F.2d at 1404.  There are many reasons why.

What is shown in the '308 would require more than *de minimis* modifications to render the '621 design obvious.  *See In re Harvey*, 12 F.3d 1061, 1065 (Fed. Cir. 1993).  It does not motivate one of ordinary skill in the art to make the combined design of the '621 Patent—e.g., there is no motivation to remove one of the 3 prongs, as doing so would render the '308 invention useless (it would not stay on the steering wheel).  *See In re Sung Nam Cho*, 813 F.2d 378, 382 (Fed. Cir. 1987).  The '308 patent suggests, at most, only components of the claimed design, but not its overall appearance.  *See id.*  Finally, because the '308 does not itself show a 2-pronged device, using it as prior art would improperly constitute comparing the patented design with something "that might be brought into existence" based on modifications.  *See In re Harvey*, 12 F.3d at 1065.

**B.     The "Double Fork" In The '308 Patent Has 3 Prongs, Not 2, And Would Require Substantial Modification To Be Prior Art To The '621 Patent.**

A close reading of the '308 patent shows that the "double forks" share a central prong, and are therefore part of a 3-prong configuration. Here is the Detailed Description of Figure 2 from the '308 Patent:

> Fork tines 22 and 24 are offset downwardly from bar section 14 to pass beneath rim 4 of steering wheel 2 when bar section 14 is on top of rim 4. In addition, the tines 22 and 24 are also offset transversely relative to bar section 14 and from one another…it is intended that each fork F1 and F2 on the double forked attachment means 20a be received on opposite sides of the reinforcing member 6 at the point of connection between member 6 and rim 4 of steering wheel 2.

F1 indicates one "fork," F2 indicates the second fork. Both forks are formed by, and share, bar section 14, the extended shaft that forms the third prong. In the '308 patent, *three prongs* form what are described as "double forks." The drawing shows that the "double forked attachment means 20a" *is a description of the three prongs.*

In addition, the Detailed Description clearly states that the device *requires* the third prong (bar section 14) in order to function: fork tines 22 and 24 pass *beneath* the rim of the steering wheel when bar section 14 is *on top*. This shows that it is impossible for the '308 Patent to be considered prior art to the '621 Patent: the enormous modification of removing the third prong disqualifies the '308 Patent as prior art, and would also render the '308 Patent functionally useless, and ornamentally irrelevant to the '621 Patent.

Finally, the hooks on the '308 Patent are not at the end of the shaft as in the '621 Patent, and from the correct design patent perspective of the visual impression of the '308 Patent, there is no suggestion of either removing the shaft or of moving the location of the hooks in relation to the shaft to achieve the design of the '621 Patent.

Like the inapplicable '308 Patent, all the other Patents cited by Winner are legally irrelevant as prior art because their overall appearance does not show ornamental characteristics

that are the same or similar to the claimed design.[2]  *OddzOn Prods.*, 122 F.3d at 1404.  The following is an illustration of the '621 Patent followed by the patents that Winner wrongly asserts qualify as relevant prior art:



The '621 Patent



Patent No. 5,107,692 (Moy Decl., Ex. A.)



Patent No. 5,031,428 (Moy Decl., Ex. B.)



Patent No. 5,042,278 (Moy Decl., Ex. C.)



Patent No. 5,299,438 (Moy Decl., Ex. G.)

---

[2]  Winner cites Patent No. 5,778,709 issued on July 14, 1998 as prior art, but concedes in their motion that no patent issued later than June 9, 1994 qualifies as prior art to the '621 Patent.  The '709 Patent is therefore irrelevant.  (Winner Mot. for Summ. J. at p. 5; Moy Decl. at Ex. D.)


British Patent 1,127,524 (Moy Decl., Ex. H.)


Patent No. 5,024,069 (Moy Decl., Ex. I.)


Patent No. 5,052,201 (Moy Decl., Ex. J.)


Patent No. 5,199,284 (Moy Decl., Ex. K.)

### C.   The accused devices appropriate the points of novelty of the '621 Patent.

In the final step in the infringement analysis, the fact-finder must determine whether the accused product appropriates the points of novelty that distinguish the patented design from the prior art. *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277 (Fed. Cir. 2002).

Here, a correct consideration of relevant prior art using the correct legal standards shows that the points of novelty of the '621 Patent described in Lawman's Opposition Brief all are valid, none are present in the irrelevant prior art cited by Winner, and all are present in the Winner devices. The points of novelty of the '621 Patent are:

1. A sliding arm of a steering wheel locking device that includes a shaft with 2 hooks attached at approximately one end of the shaft.

2. The hooks are curved, have the same profile, are symmetrical to one another, and are generally shaped like the letter "C."

3. The open ends of the hooks face outward from the shaft.

    4.        The shaft attaches to the hooks at or about the top portions of the hooks, approximately midway between the two hooks.

    5.        The shaft includes a pattern of ridges.

    6.        The shaft increases in diameter at the end of the shaft attached to the hooks, with the diameter increasing at a point just prior to the point of attachment of the hooks to the shaft.

    7.        The shaft is generally circular at the point where it attaches to the hooks.

    8.        The hooks are approximately 20-25% of the length of the shaft.

(Lawman Opp. Brief at 11-12.)





2, 8

## CONCLUSION:
## FACT ISSUES PRECLUDE SUMMARY JUDGMENT

Winner's motion must be denied. There are key factual disputes that cannot be resolved on summary judgment and must be submitted to a jury, including:

- Whether the Court's claim construction of the '621 Patent reads on Winner's accused devices under the substantial similarity test of *Gorham v. White.*

- What patents, if any, qualify as relevant prior art to the '621 Patent.

- What the points of novelty are in the '621 Patent.

- Whether the points of novelty in the '621 Patent are all present in the Winner accused devices.

Moreover, since this case has been stayed, Winner's primary arguments were mooted by this Court's construction of the '621 Patent in *Lawman v. Master Lock*, and by a more careful and detailed consideration presented here of what constitutes relevant prior art. Winner's motion ignored the proper substantial similarity test under *Gorham* and instead relied on a narrow view of a narrow portion of the '621 Patent.

For all of these reasons, Winner's motion should be denied and the case allowed to proceed to trial.

<table>
<tr><td></td><td>cf2057_____<br>Roberta Jacobs-Meadway<br>Lynn E. Rzonca<br>Corey Field<br>BALLARD SPAHR ANDREWS<br>   & INGERSOLL, LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>(215) 665-8500</td></tr>
<tr><td>Date: December 23, 2004</td><td>Attorneys for Plaintiff Lawman Armor Corp.</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I, Corey Field, certify that a true and correct copy of the foregoing Lawman's Supplemental Brief in Opposition to Winner's Motion for Summary Judgment of Non-Infringement was served today, as indicated, on all counsel of record addressed as follows:

| VIA HAND DELIVERY: | BY FIRST CLASS MAIL: |
|---|---|
| Mr. Christopher A. Rothe<br>Dann Dorfman Herrell and Skillman, P.C.<br>1601 Market St., Suite 2400<br>Philadelphia, PA 19103-2307 | Philip J. Moy, Jr.<br>Robert V. Vickers<br>Jude A. Fry<br>Fay, Sharpe, Fagan, Minnich & McKee, LLP<br>100 Superior Avenue – Seventh Floor<br>Cleveland, Ohio 44114-2579 |

cf2057_____
Corey Field

Date: December 23, 2004