IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWMAN ARMOR CORPORATION, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 02-4595 |
| WINNER INTERNATIONAL, LLC, and WINNER HOLDING LLC, | : | |
| Defendants. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **FEBRUARY  15,  2005**

On July 10, 2002, the Plaintiff, Lawman Armor Corporation ("Lawman"), filed its Complaint against Defendant, Winner International, LLC ("Winner").  On December 10, 2003, I granted in part Lawman's Motion for Leave to File a Second Amended Complaint.[1]  The Second Amended Complaint added Winner Holding LLC as a Defendant.  The Second Amended Complaint contains one count for patent infringement.  Specifically, Lawman alleges that the Defendants' products infringe upon design patent number 357,621 (the "621 patent").  Lawman is the exclusive licensee of the 621 patent.  Presently before this Court is Winner's Motion for Summary Judgment for Non-Infringement.  For the following reasons, Winner's Motion will be granted.[2]

---

[1] Lawman filed its First Amended Complaint as a matter of right on July 11, 2002.

[2] At the time Winner's original Motion was filed on September 24, 2003, Winner was the only Defendant in this case.  Subsequently, Winner Holding LLC was added to the case.  I note that Winner Holding LLC and Winner jointly filed a Supplemental Reply Memorandum in Support of Motion for Summary Judgment of Non-Infringement on January 11, 2005, yet Winner Holding LLC never joined Winner's original Motion.  However, in light of this Court's

**I.    BACKGROUND**

The patent at issue is a sliding hook portion of a vehicle steering wheel lock. In its Second Amended Complaint, Lawman alleges that "Defendants make, offer for sale, and sell vehicle steering wheel locking devices under the designations 'Twin Hooks' and 'The Club - Quad Hook System' and other infringing models (the 'Infringing Devices')." (Second Am. Compl. ¶ 10).[3] This Court has been provided with samples of the allegedly infringing products.

On September 24, 2003, Winner filed its Motion for Summary Judgment of Non-Infringement. The Motion argued that the accused products were not infringing under either the "ordinary observer" and/or the "point of novelty" tests. Subsequently, on December 10, 2003, this Court allowed Lawman to add Winner Holding LLC as a Defendant and Lawman's Second Amended Complaint was filed on December 15, 2003. As Lawman's case against Winner progressed, another patent case involving the 621 patent was before me. Specifically, Lawman brought suit against Master Lock Company ("Master Lock"), asserting that Master Lock's products infringed on the 621 patent. See Lawman Armor Corp. v. Master Lock Co., No. 02-6605, 2004 WL 440177 (E.D. Pa. March 11, 2004), aff'd, 112 Fed. Appx. 55 (Fed. Cir. Nov. 3, 2004). On March 11, 2004, this Court granted Master Lock's motion for summary judgment of non-infringement. See Master Lock Co., 2004 WL 440177 at *10. In Master Lock, I construed the 621 patent at issue. Id. at *4. Next, I found that Master Lock's products could not satisfy

---

reasoning infra, my analysis as to the patent infringement claim against Winner Holding LLC is exactly the same.

[3] In addition to those two products, Lawman additionally asserts that the Defendants' "Double Hooks" product also is an infringing device. (See Pl.'s Opp'n to Def. Mot. for Summ. J., at 1).

either the "ordinary observer" and/or the "point of novelty" test so as to preclude Lawman's patent infringement claim from moving forward to trial.

After I reached a decision in Master Lock, Lawman requested, and the Defendants agreed, to stay the instant case pending appeal of the Master Lock decision to the United States Court of Appeals for the Federal Circuit (the "Federal Circuit"). I issued a stay on March 31, 2004. Ultimately, the Federal Circuit affirmed my Master Lock Memorandum Opinion on November 3, 2004.

After the Federal Circuit's affirmation, the parties jointly moved to reopen this case, and the stay was lifted on November 24, 2004. After the stay was lifted, I allowed the parties to supplement their briefs relating to Winner's Motion for Summary Judgment of Non-Infringement. Lawman supplemented its Opposition to Winner's Motion for Summary Judgment on December 23, 2004 and again on January 4, 2005. Winner and Winner Holding LLC replied to Lawman's supplemental submissions on January 11, 2005.

## II.   STANDARD

"Summary judgment is appropriate when, after considering the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains in dispute and `the moving party is entitled to judgment as a matter of law.'" Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991)(citations omitted). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party carries the initial burden of demonstrating the absence of any

genuine issues of material fact.[4]  Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362 (3d Cir. 1992).  Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that demonstrates that there is a genuine issue of fact for trial.  See id. at 1362-63.  Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Finally, "'summary judgment is as appropriate in a patent case as it is in any other case.'"  See Desper Prods., Inc. v. QSound Labs, Inc., 157 F.3d 1325, 1332 (Fed. Cir. 1998)(quoting C.R. Bard, Inc. v. Advanced Cardiovascular, Inc., 911 F.2d 670, 672 (Fed. Cir. 1990)).

## III.   DISCUSSION

A court engages in a two-step process to determine whether an accused product infringes upon a design patent.  The court must first give its claim construction.  See Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed. Cir. 1995)(citing Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Circ. 1995) (en banc), aff'd, 517 U.S. 270 (1996)).  After the patent claim is properly construed, both the ordinary observer and the point of novelty tests must be satisfied for there to be infringement.  See Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1377 (Fed. Cir. 2002)(citing Unidynamics Corp. v. Automatic Prods. Int'l, Ltd., 157 F.3d 1311, 1323 (Fed. Cir. 1998))("Comparison to the accused product includes two

---

[4] "A fact is material if it could affect the outcome of the suit after applying the substantive law.  Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998), aff'd, 172 F.3d 40 (3d Cir. 1998)(citations omitted).

distinct tests, both of which must be satisfied in order to find infringement: (a) the 'ordinary observer' test, and (b) the 'point of novelty' test."). Under the "ordinary observer" test:

> if in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

Gorham v. White, 81 U.S. (14 Wall.) 511, 528 (1871). The "point of novelty" tests asks "whether the accused design appropriates the points of novelty that distinguish the patent from the prior art." Catalina Lighting, Inc. v. Lamps Plus, Inc., 295 F.3d 1277, 1286-87 (Fed. Cir. 2002)(citing Contessa Food Prods., 282 F.3d at 1377).

### A.   CLAIM CONSTRUCTION

The Federal Circuit "has emphasized that claim construction is strictly within the purview of the Court to decide." Master Lock, 2004 WL 440177, at *2 (citing Markman, 52 F.3d at 983-84). As I noted in Master Lock, "[t]ypically, courts arrive at a written claim construction that evokes a visual image consistent with the claimed design. Such a written description must evoke a visual image [consonant] with the claimed design rather than merely represent the general design concept." 2004 WL 440177, at *2 (citations omitted). In Master Lock, I gave the following claim construction to the 621 patent:

> [t]he 621 patent is directed to the sliding hook portion of a vehicle steering wheel lock assembly. The patent depicts two hooks, a shaft and the intersection between the shaft and the hooks. The shaft has four different sections. The shaft section furthest from the hooks is cylindrical and smooth. The next shaft section contains notches or grooves in a particular pattern and dimensions as shown, which completely encircle the shaft. Figures 6 and 7 show that the notches or grooves are what would generally be considered a trapezoidal shape. The third shaft section is again

> cylindrical and smooth and roughly the same diameter as the first shaft section. The fourth and final shaft section is cylindrical and smooth but has a larger diameter than the first and third shaft sections.
>
> The 621 patent also depicts two hooks. The hooks hang from the shaft and face outward away from the shaft. The hooks have the same profile as shown in Figures 4 and 5 which resembles a C-shape. The ends of the hooks are not parallel to each other as shown in Figures 6 and 7. There is a connective segment between the two hooks that is semi-circular, appearing to resemble a U as shown in Figure 6. The overall ornamental appearance of the hooks portion, from the perspective in Figure 6 is like an M with a curved middle section.
>
> The intersection of the hooks and the shaft is a circle on top of and centered on a relatively straight portion when viewed in Figures 2 and 3. When viewed in Figures 6 and 7, the shaft intersects the connective hooks segment at its center. The shaft extends past the connective hook segment as shown in Figures 6 and 7.

Id. at *4-5. Winner agrees with this Court's claim construction in Master Lock, but asks for one small clarification. Winner asks for clarification as to the following portion of the claim construction: "[t]he hooks have the same profile as shown in Figures 4 and 5 which resemble a C-shape." Id. at *4. I will briefly clarify this Court's claim construction of the 621 patent. The reference to "the same profile" in this Court's claim construction of the 621 patent means that the hooks in the 621 patent have the same profile as seen in Figures 4 and 5 and as asserted by Defendants in their supplemental brief. Such construction was made clear when I noted in Master Lock that the hooks on Master Lock's products were "much more rigid and not as smooth or flowing as depicted in the 621 patent." Id. at *7; see also, OddzOn Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1405 (Fed. Circ. 1997)(citing Durling v. Spectrum Furniture Co., 101 F.3d 100, 104 (Fed. Cir. 1996))(stating that proper claim construction limits scope of patent to its overall ornamental visual impression rather than its broader general design concept).

6

B.   **ORDINARY OBSERVER TEST**

Under the ordinary observer test, the two designs are compared to "determine whether the patented design as a whole is substantially the same as the accused design." Tropicana Prods., Inc. v. Land O'Lakes, Inc., 286 F. Supp. 2d 343, 345 (D. Del. 2003)(citing Braun Inc. v. Dynamics Corp. of Am., 975 F.2d 815, 820 (Fed. Cir. 1992). As previously mentioned, the parties have provided me with samples of the allegedly infringing products. I need not look beyond the 621 patent and these samples under the ordinary observer test. See id.; see also Hosley v. Int'l Trading Corp. v. K Mart Corp., 237 F. Supp. 2d 907, 911 (N.D. Ill. 2002)(citing Braun, 975 F.2d at 821). In this case, I find that material issues of fact remain as to whether the accused products are substantially the same as the patent so as to deceive the ordinary observer. See OddzOn Prods., 122 F.2d at 1405 (citing Braun, 975 F.2d at 820)("The patented and accused designs do not have to be identical in order for design patent infringement to be found.").

C.   **POINT OF NOVELTY TEST**

Even though I have found material issues of fact remaining as to the "ordinary observer" test, that does not end the inquiry. As previously stated, for there to be design patent infringement, both the "ordinary observer" test and the "point of novelty" test must be satisfied. See Contessa Food Prods., 282 F.3d at 1377 (citation omitted). Regarding the interrelationship between the "ordinary observer" and "point of novelty" tests, the Federal Circuit has stated that:

> [t]he "point of novelty" test is distinct from the "ordinary observer" test and requires proof that the accused design appropriates the novelty which distinguishes the patented design from the prior art. Litton Sys., Inc. v. Whirlpool Corp., 728 F.2d 1423, 1444 (Fed. Cir. 1984). Although application of the "ordinary observer" and

> "point of novelty" tests may sometimes lead to the same result, see Shelcore, Inc. v. Durham Indus., Inc., 745 F.2d 621, 628 n.16 (Fed. Cir. 1984), it is legal error to merge the two tests, for example by relying on the claimed overall design as the point of novelty. See Sun Hill Indus., Inc. v. Easter Unlimited, Inc., 48 F.3d 1193, 1197 (Fed. Cir. 1995); Winner Int'l Corp. v. Wolo Mfg. Corp., 905 F.2d 375, 376 (Fed. Cir. 1990).

Contessa Food Prods., 282 F.3d at 1377.  In this case, Lawman asserts the following points of novelty that are appropriated in the accused Winner products.  Specifically, Lawman states that the points of novelty in the 621 patent are:

1. A sliding arm of a steering wheel locking device that includes a shaft with 2 hooks attached at approximately one end of the shaft.
2. The hooks are curved, have the same profile, are symmetrical to one another, and are generally shaped like the letter "C."
3. The open ends of the hooks face outward from the shaft.
4. The shaft attaches to the hooks at or about the top portions of the hooks, approximately midway between the two hooks.
5. The shaft includes a pattern of ridges.
6. The shaft increases in diameter at the end of the shaft attached to the hooks, with the diameter increasing at a point just prior to the point of attachment of the hooks to the shaft.
7. The shaft is generally circular at the point where it attaches to the hooks.
8. The hooks are approximately 20-25% of the length of the shaft.

(Pl.'s Supplemental Br. in Opp'n to Defs.' Mot. Summ. J. of Non-Infringement, at 15-16).  In their Supplemental Brief, Defendants articulate that they are "not arguing that the design shown in the '621 patent is not patentable in view of the prior art."  (Defs.' Supplemental Rep. Mem. in Supp. of Mot. Summ. J., at 11).  Rather, Defendants simply list Lawman's proposed points of novelty and cite to automobile wheel lock patents that depict Lawman's proposed points.  (See

8

Defs.' Supplemental Rep. Mem. in Supp. of Mot. Summ. J. of Non-Infringement, at 10-11). I agree that the prior art cited to by the Defendants encompass the proposed points of novelty that Lawman asserts are appropriated by Winner's products.[5]

It should also be noted that in Master Lock, I stated that similar points of novelty were present in the prior art, most notably utility patent number 5,197,308 (the "308 patent"). 2004 WL 440177, at *9. Specifically, Lawman unsuccessfully argued that the following items were points of novelty in Master Lock:

1. the double hooks;
2. the symmetrical relationship of the hooks to themselves;
3. the symmetrical relationship of the hooks to the shaft;
4. the attachment of the hooks close to the end of the shaft;
5. the facing of the openings of the hooks outward in relation to the end of the shaft;
6. the attachment areas that are on the outside surfaces of both the hooks and the shaft (as opposed to on the ends of the shaft or hooks with either cutting into others);
7. the increased diameter of the shaft where the hooks are attached;
8. the diameter of the hooks that is similar to the increased diameter of the shaft at the hook end; and
9. the proportional relationship between the size of the hooks and the length of the shaft.

Id. In addition to relying on the 308 patent as prior art, Winner has also come forward with numerous automobile wheel lock patents that illustrate Lawman's eight proposed points of novelty. (See Declaration Moy, Exs. A, B, C, F, G, I, J). Since Lawman's proposed points of novelty are found in the prior art, Lawman has failed to create a material issue of fact regarding the point of novelty test. Summary judgement is therefore appropriate.

---

[5] The exception is that patent number 5,778,709 will not be considered prior art as it was issued on July 14, 1998 and the 621 patent was issued on April 25, 1995.

## IV.     CONCLUSION

In conclusion, an entry of summary judgment in favor of the Defendants is appropriate in this case.  First, I construed the patent claim.  Next, I found that material issues of fact remain under the "ordinary observer" test.  However, I found that Lawman's proposed "points of novelty" are found in the prior art so as to fail to create a material issue of fact under the "point of novelty" test.  This requires the entry of summary judgment in favor of the Defendants.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LAWMAN ARMOR CORPORATION, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 02-4595 |
| WINNER INTERNATIONAL, LLC, and WINNER HOLDING LLC, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 15th day of February, 2005, upon consideration of Defendant's Winner International, LLC's Motion for Summary Judgment of Non-Infringement (Doc. No. 34), the Response and Replies thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

Robert F. Kelly
Robert F. Kelly,         Sr. J.